# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-40762
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICTOR PEREZ CASTRO, also known as Manuel Castro Guzman

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-180-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Victor Perez Castro (Perez) appeals his conviction and 48-month sentence for violating 8 U.S.C. § 1326(b). He asserts that the district court erred in imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) based upon a determination that his prior burglary offense was a crime of violence. Perez was convicted under Texas Penal Code § 30.02(a)(3), which does not require the perpetrator to have the intent to commit a crime upon entering the premises.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See TEX. PENAL CODE § 30.02(a)(3). Without such a requirement, the offense does not meet the generic definition of "burglary of a dwelling" as necessary to be a crime of violence under § 2L1.2. United States v. Herrera-Montes, 490 F.3d 390, 391-92 (5th Cir. 2007). In light of this error, we must vacate Perez's sentence and remand for resentencing. See United States v. Villegas, 404 F.3d 355, 362-65 (5th Cir. 2005).

Perez also asserts that his sentence is unreasonable because the district court failed to address his arguments for a downward variance and because our post-Booker[1] rulings have reinstated the mandatory guidelines regime. Because we have determined that the case should be remanded for resentencing, we need not consider Perez's arguments about the reasonableness of his sentence.

Finally, Perez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED IN PART, VACATED IN PART AND REMANDED FOR RESENTENCING.

---

[1] United States v. Booker, 543 U.S. 220 (2005).