REVISED October 28, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

October 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-41004

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

GUADALUPE CONSTANTE, III

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas, Corpus Christi

Before KING, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:

Defendant-appellant Guadalupe Constante, III appeals his sentence of fifteen years imprisonment and five years supervised release imposed by the district court after he pleaded guilty to possession of a firearm subsequent to a felony conviction. Constante's principal argument on appeal is that the district court erred in concluding that his prior burglary convictions under § 30.02(a)(3) of the Texas Penal Code were violent felonies under 18 U.S.C. § 924(e)(1). We agree, and we VACATE the sentence and REMAND the case to the district court for resentencing.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Guadalupe Constante, III pleaded guilty to possession of a firearm subsequent to a felony conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence report (the "PSR") determined that Constante was subject to a mandatory minimum sentence of fifteen years imprisonment pursuant to 18 U.S.C. § 924(e) because he had at least three prior convictions for "violent felonies": four separate burglaries of a habitation, arson, and aggravated robbery.  Constante objected to the PSR, arguing that his burglary convictions were not generic burglaries as contemplated by Taylor v. United States, 495 U.S. 575 (1990), and that the government had not established that the burglary and arson offenses were committed on different occasions.[1]  The district court overruled both of these objections and sentenced Constante to fifteen years imprisonment and five years supervised release.  Without the § 924(e) enhancement, the statutory maximum sentence would have been ten years imprisonment and three years supervised release.  See 18 U.S.C. §§ 924(a)(2) and 3583(b)(2).

## II. DISCUSSION

The court reviews the application of a § 924(e) sentencing enhancement de novo.  United States v. Fuller, 453 F.3d 274, 278 (5th Cir. 2006); United States v. Munoz, 150 F.3d 401, 419 (5th Cir. 1998).  The district court's factual findings are reviewed for clear error.  United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005).

Pursuant to § 924(e)(1), a defendant convicted under § 922(g) who has three prior convictions "for a violent felony . . . committed on occasions different from one other" is subject to a mandatory minimum sentence of fifteen years

---

[1] Constante did not dispute that his convictions for arson and aggravated robbery qualify as violent felonies under § 924(e).  His objection was limited to the burglary convictions.

imprisonment. A "violent felony" is defined as any crime that is punishable by a term of imprisonment exceeding one year and "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has interpreted burglary in § 924(e) in terms of its modern "generic" usage. Taylor, 495 U.S. at 598. Specifically, the Taylor definition of a generic burglary requires that the state statute contain, at a minimum, the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. (emphasis added).

In Texas, a person commits burglary if, without the effective consent of the owner, that person either "enters a habitation, or a building (or any portion of a building) not then open to the public, with the intent to commit a felony, theft, or an assault," TEX. PENAL CODE ANN. § 30.02(a)(1), or "enters a building or habitation and commits or attempts to commit a felony, theft, or an assault," TEX. PENAL CODE ANN. § 30.02(a)(3). This court has previously held that the offense of burglary of a habitation under § 30.02(a)(1) of the Texas Penal Code qualifies as a generic burglary for purposes of § 924(e). United States v. Silva, 957 F.2d 157, 162 (5th Cir. 1992); see also Fuller, 453 F.3d at 278. However, this court has not, in a published opinion, affirmatively stated that burglary under § 30.02(a)(3) of the Texas Penal Code does not qualify as a generic burglary under the Taylor definition.

In determining whether a burglary qualifies as a generic burglary for purposes of a § 924(e) sentencing enhancement, the Supreme Court has limited the scope of evidence that a court may review to: "the statutory definition, charging documents, written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005).

In concluding that Constante's burglary convictions qualified as generic burglaries, the district court relied primarily on Silva. In Silva, this court stated that "Section 30.02 of the Texas Penal Code is a generic burglary statute, punishing nonconsensual entry into a building with intent to commit a crime." 957 F.2d at 162. Although the court did not specify which subsection of § 30.02 Silva was convicted under, the court could have only been referring to § 30.02(a)(1) because it is the only subsection that includes the element of specific intent. Since § 30.02(a)(3) does not include the element of specific intent, Silva cannot support the district court's conclusion that a conviction under § 30.02(a)(3) is a violent felony for purposes of 18 U.S.C. § 924(e).

In United States v. Herrera-Montes, this court considered whether burglary under a Tennessee statute was a generic burglary and therefore qualified as a "crime of violence" under U.S.S.G. § 2L1.2. 490 F.3d 390, 391 (5th Cir. 2007); see also James v. United States, 127 S. Ct. 1586, 1596 (2007) (noting that the definition of "crime of violence" for a career offender enhancement "closely tracks" the definition of "violent felony" for an armed career criminal enhancement). The Tennessee burglary statute, TENN. CODE ANN. § 39-14-402(a)(3), is, in relevant part, identical to § 30.02(a)(3) of the Texas Penal Code. Herrera-Montes, 490 F.3d at 392. Neither statute requires an element of specific intent at the time of entry. The court concluded that "Taylor requires that the defendant intend to commit a crime at the time of unlawful entry." Id. Accordingly, the conviction under TENN. CODE ANN. § 39-14-402(a)(3) was not a crime of violence for sentencing enhancement purposes. Id.

Recently, this court appeared to be on the verge of directly stating that Herrera-Montes applies to § 30.02(a)(3). This exact question—whether a conviction under § 30.02(a)(3) is a violent felony under 18 U.S.C. § 924(e)—was presented to the court in United States v. Fambro, 526 F.3d 836 (5th Cir. 2008). Although the court positively cited to Herrera-Montes and suggested that the

defendant was correct in arguing that a conviction under § 30.02(a)(3) did not meet the Taylor definition of a generic burglary, the court ultimately avoided ruling on this issue because it determined that the defendant had first raised the issue in his reply brief. Fambro, 526 F.3d at 850.

The court has twice specifically concluded that § 30.02(a)(3) does not satisfy the Taylor definition of a generic burglary because it lacks the requisite element of intent, but neither opinion was published. United States v. Castro, No. 07-40762, 2008 WL 900910, at *1 (5th Cir. Apr. 3, 2008) (citing Herrera-Montes, 490 F.3d at 391-92); United States v. Beltran-Ramirez, No. 07-50218, 2008 WL 467811, at *1 (5th Cir. Feb. 22, 2008) (same).[2] The district court held Constante's sentencing hearing on October 11, 2007, prior to the release of either of these unpublished opinions.

The government suggests that it is not clear whether Constante was convicted of burglary under § 30.02(a)(1) or (3). Constante's burglary indictments allege that he "intentionally or knowingly enter[ed] a habitation, without the effective consent of . . . the owner . . . and attempted to commit or committed theft of property." This language is similar to the statutory language in § 30.02(a)(3). Moreover, the burglary indictments never reference Constante's intent to commit theft at the time of entry.[3] While these facts strongly suggest

---

[2] Pursuant to 5TH CIR. R. 47.5.4, unpublished opinions issued after January 1, 1996 are not precedent except under limited circumstances. The frequency with which this issue appears warrants a published opinion with full precedential weight pursuant to 5TH CIR. R. 47.5.1.

[3] The "intentionally or knowingly" language in the indictment refers to a general criminal intent requirement, but not the specific intent element contained in § 30.02(a)(1) and the Taylor definition of generic burglary. See Beasley v. McCotter, 798 F.2d 116, 120 (5th Cir. 1986) (noting that § 30.02(a)(1) requires "specific intent to commit a felony or theft in the building" and § 30.02(a)(3) requires only the more general culpable mental state such as intentionally or knowingly). In other words, under § 30.02(a)(3) a defendant must intentionally or knowingly enter the building, but he would not have to intend to commit a felony, theft, or assault at that time. Only this latter type of specific intent is relevant to the Taylor definition of generic burglary.

that Constante was convicted under § 30.02(a)(3), we are not required to decide this question because the government failed to carry its burden of proving that Constante was convicted under a statute that satisfies the Taylor definition of generic burglary.

The government argues that after it established the prior convictions, Constante had the burden of proving the invalidity of those convictions by a preponderance of the evidence. In support of this argument, the government cites United States v. Bookman, No. 06-11373, 2008 WL 189984, at *2 (5th Cir. Jan. 23, 2008) and United States v. Barlow, 17 F.3d 85, 89 (5th Cir. 1994). These cases relate to the constitutional validity of a guilty plea and not to establishing the precise statute under which the defendant was convicted. The government acknowledges that it bears the initial burden of establishing the prior conviction. Although it established the four burglary convictions, it failed to establish that any conviction was specifically under § 30.02(a)(1). See United States v. Rodriguez, 523 F.3d 519, 524 (5th Cir. 2008) ("The Government bears the burden of proving by a preponderance of the relevant and reliable evidence that the facts support a sentencing enhancement." (citing United States v. Herrera-Solorzano, 114 F.3d 48, 50 (5th Cir. 1997))). Thus, if—as the government contends—it is unclear under which subsection of § 30.02(a) Constante pleaded guilty, then the government failed to carry its burden of proving that the burglary convictions qualify for a § 924(e) sentencing enhancement. See also Beltran-Ramirez, 2008 WL 467811, at *1 (finding that the district court erred in applying a sentencing enhancement where defendant was charged under both § 30.02(a)(1) and (3) and the record contained no evidence indicating under which subsection he pleaded guilty).

Unlike Fambro, this is an appropriate case for this court definitively to conclude that a burglary conviction under § 30.02(a)(3) of the Texas Penal Code is not a generic burglary under the Taylor definition because it does not contain

an element of intent to commit a felony, theft, or assault at the moment of entry. Therefore, Constante's burglary convictions are not violent felonies under 18 U.S.C. § 924(e).

Because we conclude that Constante's burglary convictions do not qualify as violent felonies for purposes of a § 924(e) sentencing enhancement, we do not need to reach the issue of whether the burglaries and the arson were committed on different occasions from one another. Without the four burglary convictions, Constante only has two prior convictions for violent felonies and is not subject to the § 924(e) sentencing enhancement.

Finally, Constante admits that his second issue on appeal—whether his sentence was unconstitutionally enhanced based on facts not alleged in the indictment, proved to a jury beyond a reasonable doubt, or admitted as part of his guilty plea—is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See also United States v. White, 465 F.3d 250, 254 (5th Cir. 2006) ("[N]either the statute nor the Constitution requires a jury finding on the existence of the three previous felony convictions required for the [§ 924(e)] enhancement." (quoting United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002))). This argument has been preserved for possible future review.

## III. CONCLUSION

For the reasons stated above, Constante's sentence is VACATED and the case is REMANDED for resentencing consistent with this opinion.