# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-40553
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH WAYNE HOPKINS

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-56-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joseph Wayne Hopkins is appealing his conviction for possession with intent to distribute less than fifty grams of methamphetamine and his 262-month sentence of imprisonment.

Hopkins argues that he should not have been sentenced as a career offender based on his prior burglary convictions being categorized as crimes of violence. The Government concedes, based on this court's decision in *United States v. Constante,* 544 F.3d 584, 585 (5th Cir. 2008), that Hopkins is entitled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to be resentenced because it cannot show that his prior burglary convictions were crimes of violence warranting the career offender adjustment under U.S.S.G. 4B1.1.

*Constante* held that a generic burglary is a violent felony under 18 U.S.C. § 924(e) if the applicable statute requires "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 544 F.3d at 585. Section 924(e) defines a violent felony to include a "burglary," which offense is also defined as a crime of violence under § 4B1.1. § 924(e)(2)(B)(ii). Thus, the discussion in *Constante* is instructive.

This court has determined that a burglary conviction under TEX. PENAL CODE ANN. § 30.02(a)(3) is not a generic burglary offense because it does not require an intent to commit another crime at the time of entry. *See Constante*, 544 F3d at 585-86. The Government introduced the indictments and judgments in Hopkins' burglary conviction cases. As the Government concedes, these pleadings reflect that two of Hopkins's three burglary convictions arose under § 30.02(a)(3). The Government concedes under *Constante* that there is not sufficient evidence in the record to support the career offender adjustment. The Government does not argue that the offenses are crimes of violence under the residual clause of § 4B1.2. In light of the Government's concession, the sentence is vacated, and the case is remanded for a recalculation of the guidelines range and resentencing.

Hopkins argues that he received the ineffective assistance of counsel because his counsel failed to subpoena or investigate defense witnesses for the hearing on the motion to suppress and did not seek a continuance when the witnesses were unavailable.

The issue of ineffective assistance was not raised in the district court and was not addressed. Because the record does not provide sufficient detail to make a fair evaluation of the ineffective assistance claim that Hopkins argues on appeal, we decline to consider the claims. *See United States v. Gulley*, 526 F.3d

809, 821 (5th Cir.), *cert. denied,* 129 S. Ct. 159 (2008).  Hopkins is not precluded from raising the merits of his ineffective assistance claims in a timely 28 U.S.C. § 2255 motion.

Hopkins's conviction is AFFIRMED.  His sentence is VACATED, and the case is REMANDED to the district court for resentencing.