# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2010

Lyle W. Cayce
Clerk

No. 10-10036
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FROILAN JESUS RODRIGUEZ-VIGIL, also known as Jesse Rodriguez, also
known as Jesus Rodriguez-Velasquez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-97-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Froilan Jesus Rodriguez-Vigil appeals his sentence following his conviction
for illegal reentry into the United States after deportation. Rodriguez-Vigil was
sentenced to 120 months of imprisonment and three years of supervised release.
His sentence constituted an upward departure, pursuant to U.S.S.G. § 4A1.3,
from his guidelines range of 70 to 87 months of imprisonment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for "reasonableness." *Gall v. United States*, 552 U.S. 38, 46 (2007). This court first ensures that the district court did not commit any significant procedural error, such as failing to properly calculate the guidelines range or inadequately explaining a deviation from the guidelines range. *Id*. at 51. If the sentencing decision is procedurally sound, this court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*.

Rodriguez-Vigil contends that the district court erred in imposing his sentence because it failed to follow the requisite method of calculating the extent of the departure. Under § 4A1.3, a district court may depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1); *accord United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). When departing under § 4A1.3, the district court must follow the method set forth under § 4A1.3(a)(4)(A) and (B) for calculating the extent of the departure. *Mejia-Huerta*, 480 F.3d at 723. Those provisions provide that an upward departure under § 4A1.3 is made by adjusting the defendant's criminal history category, except that the defendant's offense level is adjusted where the district court seeks to depart upward from a criminal history category of VI. § 4A1.3(a)(4)(A), (B). The district court should consider, and state for the record that it has considered, each intermediate criminal history category before arriving at the sentence it finds appropriate. *United States v. Lambert*, 984 F.2d 658, 662 (5th Cir. 1993) (en banc). However, the district court generally is not required to ritualistically discuss each criminal history category it rejects, and its reasons for rejecting the intermediate categories may be given implicitly in its explanation for the departure. *Id*. at 663.

Because Rodriguez-Vigil did not alert the district court to his argument that it failed to comply with the methodology under § 4A1.3(a)(4), the argument is reviewed for plain error only. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To show that a sentencing error affected his substantial rights, an appellant must demonstrate a reasonable probability that he would have received a lesser sentence but for the error. *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

While Rodriguez-Vigil is correct that the district court did not explain how it arrived at a 120-month imprisonment term based on the methodology required for an upward departure under § 4A1.3, *see Lambert*, 984 F.2d at 662-63, he cannot show a reasonable probability that he would have received a lesser sentence but for the district court's lack of explanation. First, § 4A1.3(a)(4) permitted the district to reach a guidelines range encompassing a 120-month imprisonment term because it permitted the district court to increase Rodriguez-Vigil's criminal history category to VI and then increase his total offense level to 24, 25, or 26. *See* § 4A1.3(a)(4)(A), (B); U.S.S.G. Ch. 5, Pt. A; *United States v. Ashburn*, 38 F.3d 803, 809-10 (5th Cir. 1994) (en banc). Second, there is no indication that the district court would have been inclined to impose an imprisonment term of less than 120 months if it had explicitly followed the methodology required under § 4A1.3(a)(4). To the contrary, the district court's statements in imposing the sentence indicated that it thought 120 months "may be a little low" to constitute an appropriate sentence based on § 4A1.3 and the factors under 18 U.S.C. § 3553(a). Rodriguez-Vigil has not satisfied his burden of showing that his substantial rights were affected by the district court's error

concerning the methodology required under § 4A1.3(a)(4). *See Davis*, 602 F.3d at 647.

Rodriguez-Vigil also challenges the upward departure on the ground that the district court erroneously believed that each of his four past convictions constituted a "crime of violence" as that term is used in the Guidelines. At issue is the district court's statement, made as it provided reasons for its upward departure, that Rodriguez-Vigil had "12 criminal history points which were based on his four prior convictions that are considered crimes of violence." He does not dispute that his convictions for aggravated sexual assault of a child and indecency with a child constituted crimes of violence under the Guidelines but contends that his two Texas convictions for burglary of a habitation did not qualify as crimes of violence under the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990). Because Rodriguez-Vigil did not alert the district court to this specific legal argument, plain error review applies to this issue. *See Hernandez-Martinez*, 485 F.3d at 272-73.

Rodriguez-Vigil has not shown that his substantial rights were affected by any error by the district court in characterizing his burglary convictions as crimes of violence under the Guidelines. *See Davis*, 602 F.3d at 647. First, whether his burglary convictions were crimes of violence under the Guidelines was not a necessary determination for an upward departure under § 4A1.3. *See* § 4A1.3(a). Second, the question whether his burglary convictions fell within the "generic, contemporary" meaning of the offense of "burglary of a dwelling," so as to constitute a crime of violence under the Guidelines, merely turned on the distinction whether he was convicted under a subsection of § 30.02 of the Texas Penal Code that required him to possess the specific intent, at the time of his unlawful entry, to commit a crime or whether he was convicted under a subsection that merely required that he commit or attempt to commit a crime after having made the unlawful entry. *See United States v. Constante*, 544 F.3d 584, 585-87 (5th Cir. 2008); *United States v. Herrera-Montes*, 490 F.3d 390, 392

(5th Cir. 2007).  He has not shown how that distinction would have had any significant effect on the district court's evaluation of the seriousness of his burglary offenses for purposes of its upward departure under § 4A1.3.

Third, the district court's statement that the 120-month sentence "may be a little low" indicates that it was unlikely that the district court would have imposed a lesser sentence merely because of such a distinction.  Because Rodriguez-Vigil cannot show a reasonable probability that he would have received a lesser sentence but for any error regarding the characterization of his burglary offenses as crimes of violence under the Guidelines, he cannot satisfy his burden under plain error review with respect to this issue.  *See Davis*, 602 F.3d at 647.

Rodriguez-Vigil also contends that the district court erred in concluding that its upward departure to a 120-month sentence was appropriate.  Regarding the district court's decision to depart under § 4A1.3, he argues that his criminal history category did not substantially under-represent the seriousness of his criminal history or risk of recidivism because he had no pending charges or consolidated offenses, did not have any criminal conduct that was not assessed criminal history points, and did not have any convictions for which he had received a lenient sentence.  Regarding the extent of the departure, he contends that a departure of 33-months above the top of his advisory guidelines range was not justified by the facts of his case.  Because he sufficiently preserved this point of error, we review for abuse of discretion the district court's decision to depart upward and the extent of the departure.  *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).  A sentencing court does not abuse its discretion in deciding to depart upward when its reasons for doing so advance the objectives set forth in § 3553(a)(2) and are justified by the facts of the case. *Id*.

Under § 4A1.3, information that may indicate under-representation of a defendant's criminal history or likelihood of recidivism includes "prior

sentence[s] of substantially more than one year imposed as a result of independent crimes committed on different occasions." § 4A1.3(a)(2)(B); *accord United States v. Carter*, 953 F.2d 1449, 1460 (5th Cir. 1992).  Here, Rodriguez-Vigil's Texas convictions in 1990 for burglary of a habitation, 1991 for burglary of a habitation, and 1994 for aggravated sexual assault of a child constituted three independent convictions that were committed on different occasions for which he was ultimately sentenced to imprisonment terms of 8 years, 5 years, and 10 years, respectively.  Additionally, he was sentenced to two years of imprisonment on his 2009 conviction for indecency with a child.

In imposing the upward departure, the district court indicated that Rodriguez-Vigil had been removed from the United States after having engaged in "very serious conduct" and that his commission of indecency with a child in 2007 after illegally returning to the United States was part of his continuing "pattern of violence."  The district court did not abuse its discretion in determining that an upward departure was appropriate based on his criminal history score's under-representation of the seriousness of his past convictions and the likelihood that he would continue his pattern of criminal activity.  *See* § 4A1.3(a)(2)(B); *Zuniga-Peralta*, 442 F.3d at 347; *Carter*, 953 F.2d at 1460.

Regarding the extent of the departure, this court has upheld upward departures of greater magnitudes.  *See, e.g.*, *United States v. Jones*, 444 F.3d 430, 433, 442 (5th Cir. 2006) (upholding 120-month sentence where maximum of guidelines range was 57 months); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005) (upholding 120-month sentence where maximum of guidelines range was 41 months); *United States v. Daughenbaugh*, 49 F.3d 171, 174 (5th Cir. 1995) (upholding 240-month sentence where maximum of guidelines range was 71 months).  "That the Court of Appeals 'might reasonably have concluded that a different sentence was appropriate' is an insufficient justification for reversal of the district court, because the sentencing judge is in a superior position to evaluate the § 3553(a) factors . . . ." *United States v. Armstrong*, 550

No. 10-10036

F.3d 382, 405 (5th Cir. 2008) (quoting *Gall*, 552 U.S. at 51), *cert. denied*, 130 S. Ct. 54 (2009). The district court indicated that the 120-month sentence was sufficient to account for the § 3553(a) factors and the reasons underlying its decision to depart, and the district court provided individualized, case-specific reasons for imposing the sentence. Rodriguez-Vigil has not shown that the district court abused its discretion in imposing an upward departure to a 120-month sentence. *See Zuniga-Peralta*, 442 F.3d at 347.

AFFIRMED.