**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2012

No. 11-50609
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-29-2

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Antonio Sanchez appeals the 120-month sentence, outside the Guidelines, that he received after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). Sentences are reviewed first for procedural error and then for substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Given that Sanchez pleaded guilty to burglary of a habitation in Texas, he fails to show that the district court plainly erred procedurally when, under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50609

U.S.S.G. § 2K2.1(a)(4)(A), it computed his base offense level based on his having a prior conviction for a crime of violence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Constante*, 544 F.3d 584, 585-86 (5th Cir. 2008).

Sanchez's assertion that the district court articulated insufficient reasons for the variance from the guidelines range of imprisonment also fails. Although Sanchez makes this assertion in arguing that his sentence was substantively unreasonable, it goes to the procedural reasonableness of the sentence. *See Gall*, 552 U.S. at 51. Further, Sanchez's objection in the district court to the "reasonableness of the sentence" was insufficient to preserve this argument for appellate review, and this court reviews it for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The district court's oral and written pronouncements adequately explained its reasons for its sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Accordingly, Sanchez cannot show plain error regarding the procedural reasonableness of his sentence. *See Puckett*, 566 U.S. at 135.

Sanchez's argument that his sentence was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a) is unavailing. Although at sentencing, Sanchez argued against a variance, he did not argue, as he does on appeal, that his sentence was greater than necessary to achieve the 18 U.S.C. § 3553(a) factors or that his guidelines range of imprisonment accounted for his criminal history. Moreover, as noted above, after the district court imposed its sentence, Sanchez objected only to its "reasonableness." Thus, the substantive reasonableness of his sentence is reviewed for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); *United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009); *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Given that the § 3553(a) factors, on a whole, justify the extent of the variance, *see Gall*, 552 U.S. at 51, and that the extent of the variance from the guidelines range was not unreasonable, *see United States v. Jones*, 444 F.3d 430,

2

No. 11-50609

433 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005),
Sanchez fails to show plain error. *See Puckett*, 566 U.S. at 135.

AFFIRMED.