TRAXLER, Chief Judge,
dissenting:
Under Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), a prior conviction is a burglary conviction for sentence-enhancement purposes if the underlying offense, “regardless of its exact definition or label, ha[s] the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.” Id. at 599, 110 S.Ct. 2143. While there are offenses under Texas law that meet this definition, the statute under which Bonilla was convicted does not contain the intent element required by Taylor. I therefore do not believe that Bonilla’s prior conviction is a crime of violence under U.S.S.G. § 2L1.2, and I respectfully dissent from the affirmance of Bonilla’s sentence.
I.
A.
The Sentencing Guidelines provide for a 16-level increase in the offense level if the defendant was deported after being convicted of a “crime of violence” that receives criminal history points. U.S.S.G. § 2L1.2(b)(l)(A)(ii). The Guideline defines “crime of violence” to include “burglary of a dwelling,” id. cmt. n. l(B)(iii), but it does not define “burglary.”
In Taylor, the Supreme Court considered the scope of the similarly undefined reference to a prior conviction for burglary contained in 18 U.S.C. § 924(e). Although the Court recognized that burglary has a well-defined meaning at common law — “a breaking and entering of a dwelling at night, with intent to commit a felony,” Taylor, 495 U.S. at 592, 110 S.Ct. 2143, the Court observed that the contemporary understanding of “burglary” had evolved far from its common-law roots and that “[t]he arcane distinctions embedded in the common-law definition have little relevance to modern law enforcement concerns,” id. at 593, 110 S.Ct. 2143. The Court thus rejected the argument that “burglary” as used in § 924(e) was common-law burglary, see id. at 594, 110 S.Ct. 2143, and instead concluded that the statute referred to burglary in “the generic sense in which the term is now used in the criminal codes of most States,” id. at 598, 110 S.Ct. 2143. “Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: *195 an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.” Id.
B.
The Texas statute under which Bonilla was convicted provides that:
A person commits an offense if, without the effective consent of the owner, the person:
(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
(2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.
Tex. Penal Code Ann. § 30.02(a). As is apparent from the face of the statute, “with intent to commit a felony, theft, or assault” is an element of the offenses set out in § 30.02(a)(1) and § 30.02(a)(2). Bonilla, however, was charged with and pleaded guilty to a violation of § 30.02(a)(3), which replaces the with-intent element with the requirement that the defendant committed or attempted to commit the specified crimes.
Bonilla argues on appeal that Taylor[1] s intent-to-commit-a-crime element requires contemporaneous intent — intent that accompanies or coincides with the commission of the other elements. Because § 30.02(a)(3) only requires that the defendant unlawfully enter and thereafter commit or attempt to commit a felony, the intent necessary for conviction under § 30.02(a)(3) need not have existed at the moment of entry. Bonilla thus contends that his conviction under § 30.02(a)(3) is not a conviction for generic burglary as defined by Taylor.
For its part, the government argues that § 30.02(a)(3) in substance prohibits the same conduct as generic burglary, which is all that Taylor requires. See Taylor, 495 U.S. at 602, 110 S.Ct. 2143 (“[A]n offense constitutes ‘burglary’ for purposes of a § 924(e) sentence enhancement if ... its statutory definition substantially corresponds to ‘generic’ burglary....” (emphasis added)). The government notes that because Taylor defines generic burglary to include offenses involving unlawful “remaining” on the premises, generic burglary necessarily encompasses offenses where the intent to commit a crime is formed while the defendant remained in the building. The government thus contends that, contrary to Bonilla’s assertion, generic burglary does not require that the intent exist at the moment of entry. And because proof of the completed or attempted crime required by § 30.02(a)(3) necessarily shows that the defendant formulated the requisite intent either before entering the building or while he remained in the building, the government asserts that the crime set out in § 30.02(a)(3) substantially corresponds to generic burglary.
II.
Before addressing the merits of the parties’ arguments, I think it will be helpful to clarify the nature of the issue before the court. Generic burglary as defined in Taylor is “a crime consisting of three necessary elements: 1) an unlawful or unprivileged entry or remaining in; 2) a building or other structure; 3) with intent to commit a crime.” United States v. Bowden, 975 F.2d 1080, 1083 (4th Cir.1992). The alternate phrasing of the first element means that generic burglary can be committed in two ways: by unlawfully entering a building or structure with intent to commit a crime, or by unlawfully remaining in a building or structure with intent to *196 commit a crime. But whether the crime is committed by unlawfully entering or by unlawfully remaining, the intent to commit a crime remains a separate element. See United States v. Ortega-Gonzaga, 490 F.3d 393, 395 (5th Cir.2007) (under Taylor’s definition of generic burglary, unlawful entry and intent to commit a crime are separate elements).
As noted above, the government’s argument focuses primarily on Taylor’s inclusion of “remaining-in” offenses in the definition of generic burglary. This focus on the remaining-in language, however, obscures a critical point — remaining-in offenses are not included in the statute under which Bonilla was convicted. Section 30.02(a)(3) prohibits unlawful entries, not unlawful remaining. See Tex. Penal Code Ann. § 30.02(a)(3) (“A person commits an offense if, without the effective consent of the owner, the person ... enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.” (emphasis added)). And in accordance with the terms of the statute, Bonilla was charged with and pleaded guilty to unlawful entry only; he was neither charged with nor convicted of unlawfully remaining.
When Bonilla’s argument is considered in light of the statute under which he was actually indicted and convicted, it is clear that Bonilla does not contend that generic burglary always requires that the intent to commit a crime exist at the moment of entry. Instead, Bonilla argues that the intent required by Taylor must be contemporaneous with the prohibited act, whether that act is unlawful entry or unlawful remaining.[1] Because he was charged with and convicted of unlawful entry under a statute that does not require the unlawful entry to be accompanied by an intent to commit a crime, Bonilla argues that he was not convicted of generic burglary.
It thus seems to me that the question to be answered here is not, as the government contends, whether the intent required for generic burglary must always and in every case exist at the moment of entry; Taylor's inclusion of unlawful-remaining offenses makes it clear the answer to that question is “No.” Instead, the question is whether a conviction under a statute proscribing unlawful entries without requiring contemporaneous intent amounts to a conviction for generic burglary. In my view, Taylor makes it clear that the answer to that question likewise is “No.”
A.
Although the Taylor Court had no need to elaborate on the point, there is no doubt that for an offense to constitute burglary at common law, the intent to commit a crime must have existed at the time of the breaking and entering. Contemporaneous intent was the essence of burglary at common law, as it was the element that distinguished the offense from trespass. See 3 Wayne R. LaFave, Substantive Criminal Law § 21.1(e) (2d. ed.) (“To have committed the offense of burglary at common law, one must have intended to commit a felony while fulfilling the other requirements.” (emphasis added));[2] 4 William Blackstone, *197 Commentaries on the Latos of England (1769) (“As to the intent; it is clear, that breaking and entry must be with a felonious intent, otherwise it is only a trespass.” (second emphasis added)).
In my view, generic burglary as defined by Taylor retains the common-law requirement of contemporaneous intent. This conclusion is compelled by the plain language of the intent requirement itself— “with intent to commit a crime” can only be understood as requiring the intent to accompany the other elements. See Webster’s Encyclopedic Unabridged Dictionary of the English Language at 2183 (2001) (defining “with” as “accompanied by; accompanying”); cf. Harris v. State, 20 Tex.App. 652, 1886 WL 4656 at *3 (Tex.Ct.App.1886) (“[T]o constitute burglary ..., the party must enter the house with intent to commit theft. This intent must accompany — prompt—the entering.” (emphasis added)). The Court’s with-intent-to-commit phrasing of the element mirrors the typical phrasing at common law, and I do not believe the Court could have been unaware of the significance of its chosen language.
Moreover, the Taylor Court noted that its formulation of generic burglary “approximates that adopted by the drafters of the Model Penal Code.” Taylor, 495 U.S. at 598 n. 8,110 S.Ct. 2143. And as defined by the Model Penal Code, burglary requires contemporaneous intent. See Model Penal Code § 221.1 (1980) (“A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.” (emphasis added)).
The Taylor Court fashioned its definition of generic burglary to reflect the modern, prevailing view of the crime. See Taylor, 495 U.S. at 598, 110 S.Ct. 2143. There is little doubt that a defendant’s intent to commit a crime remains central to the modern offense. See, e.g., State v. Chatelain, 347 Or. 278, 220 P.3d 41, 45 (2009) (“Since the time of Blackstone, the defendant’s intent to commit a crime in the building has been the characteristic distinguishing burglary from mere trespass. And, under current Oregon law, intent to commit a crime is required to commit any degree of burglary; it continues to be the primary element distinguishing burglary from criminal trespass.” (citation omitted)); People v. Maggette, 195 Ill.2d 336, 254 Ill.Dec. 299, 747 N.E.2d 339, 349 (2001) (“The gist of the offense is the defendant’s felonious intent with which he or she enters the dwelling____”); Keady v. State, 687 S.W.2d 757, 760 (Tex.Crim.App.1985) (“The conduct that is the gist of the offense of burglary is the entry with the requisite intent, not the physical act of entering.”).
“Unlawful remaining” was not a basis for a burglary conviction at common law,[3] *198 but I find nothing in Taylor’s analysis to suggest that the inclusion of remaining-in offenses eliminated or fundamentally altered the contemporaneous-intent requirement. Instead, it seems to me that the inclusion of remaining-in offenses simply means that if a defendant is charged with unlawful remaining, the intent must exist at the time of the unlawful remaining. See United States v. Herrera-Montes, 490 F.3d 390, 392 (5th Cir.2007) (“Taylor requires that the defendant intend to commit a crime at the time of unlawful entry or remaining in, as do the Model Penal Code § 221.1 and Black’s Law Dictionary 197-98 (6th ed.1990).”); see also 3 LaFave, Substantive Criminal Law § 21.1(b) (under a statute prohibiting unlawful remaining, “the requisite intent to commit a crime within need only exist at the time the defendant unlawfully remained within”); Hernandez v. State, 190 S.W.3d 856, 863 (Tex.App.2006) (“If a defendant is charged with burglary under [Tex. Penal Code § 30.02] (a)(1) or (a)(2), the State is required to prove the defendant’s intent to commit a felony or theft at the time the defendant entered or remained concealed in a habitation or building.” (emphasis added)); Pushruk v. State, 780 P.2d 1044, 1048 (Alaska Ct.App.1989) (“[T]o find a defendant guilty of burglary, the state must show the defendant had the intent to commit an additional crime at the time his presence on the premises first became unlawful, ie., at the time that he first trespassed, entered or remained unlawfully on the premises.”)
Accordingly, I believe that under Taylor’s definition of generic burglary, a defendant’s intent to commit a crime must exist contemporaneously with the unlawful entry or the unlawful remaining.
B.
Bonilla was charged with and pleaded guilty to entering a dwelling without consent of the owner and committing a theft in the dwelling, in violation of Texas Penal Code § 30.02(a)(3). Intent to commit a crime is a necessary element of generic burglary, see Taylor, 495 U.S. at 599, 110 S.Ct. 2143, but “ ‘intent to commit a felony or theft’ is not an element of the offense proscribed by § 30.02(a)(3),” DeVaughn v. State, 749 S.W.2d 62, 65 n. 4 (Tex.Crim. App.1988) (en banc). It thus seems clear to me Bonilla was not convicted of generic burglary as defined by Taylor. See United States v. Constante, 544 F.3d 584, 587 (5th Cir.2008) (per curiam) (“[A] burglary conviction under § 30.02(a)(3) of the Texas Penal Code is not a generic burglary under the Taylor definition because it does not contain an element of intent to commit a felony, theft, or assault at the moment of entry.”).
The government, of course, argues that § 30.02(a)(3)’s attempted-or-eommittedcrime element substantially corresponds to generic burglary’s intent element because generic burglary can be committed by unlawfully remaining, and “the fact of attempted or completed theft ‘necessarily implies’ that such intent was formed while the Defendant unlawfully remained in the premises.” Brief of Respondent at 13. Taylor’s determination that generic burglary encompasses offenses involving unlawful entry and offenses involving unlawful remaining, however, does not give this court license to read unlawful remaining into a burglary statute that only prohibits unlawful entry. Bonilla was charged and convicted of unlawful entry, the only act proscribed by § 30.02(a)(3). The commission of a crime after entry might establish that the defendant formed the intent to commit the crime while he remained on the premises, but it does not establish that the intent was contemporaneous with the unlawful entry. See DeVaughn, 749 *199 S.W.2d at 65 (§ 30.02(a)(3) “includes as burglary the conduct of one who enters without effective consent but, lacking intent to commit any crime upon his entry, subsequently forms that intent and commits or attempts a felony or theft” (emphasis added; internal quotation marks omitted)).
The government’s argument, in essence, is that Bonilla’s conduct could have supported a conviction under a remaining-in statute. Under TayloPs categorical approach, however, we must focus on the elements of the underlying offense of conviction, not the conduct that led to the conviction. See Taylor, 495 U.S. at 600, 110 S.Ct. 2143. That is, whether Bonilla was convicted of generic burglary is a determination to be made “not by comparing the defendant’s prior conduct with the generic offense, but rather by comparing the elements of the crime of conviction with the generic offense.” United States v. Peterson, 629 F.3d 432, 436 (4th Cir.2011) (emphasis added). Bonilla was charged and convicted of violating § 30.02(a)(3), which proscribes unlawful entries but does not require the entry to be accompanied by an intent to commit a crime. See De Vaughn, 749 S.W.2d at 65. The elements of § 30.02(a)(3) thus do not substantially correspond to the elements of generic burglary, see Constante, 544 F.3d at 587, and Bonilla’s conviction should not have been used to enhance his sentence under U.S.S.G. § 2L1.2(b)(l)(A)(ii).
Accordingly, I respectfully dissent from the judgment affirming Bonilla’s sentence.

. In fact, Bonilla acknowledges that if he had been charged, and convicted under subsection (a)(2) of the Texas statute, which prohibits ‘'remain[ing] concealed” with intent to commit a crime, see Tex. Penal Code Ann. § 30.02(a)(2), the conviction would be for generic burglary. See Brief of Appellant at 22; Reply Brief at 3.

. The Court in Taylor relied extensively on a criminal-law treatise coauthored by Professor LaFave and its discussion of burglary’s evolution from its common-law roots to its modern statutory form. See Taylor, 495 U.S. at 580 n. 3, 110 S.Ct. 2143 (quoting W. LaFave & A. Scott, Substantive Criminal Law § 8.13 at 464 (1986)); id. at 588 n. 4, 110 S.Ct. 2143; id. at *197 593, 110 S.Ct. 2143; id. at 598, 110 S.Ct. 2143.

. Burglary at common law required a “breaking" and an entry. Most states now have eliminated the breaking requirement, and most have placed qualifiers (e.g., unlawful, unprivileged) on the type of entry required. See 3 LaFave, Substantive Criminal Law § 21.1(b). While many states still limit burglary to unlawful entries, it is now "far more common” for states to define burglary to in-elude unlawful entry or unlawful remaining in the premises, id., which permits burglary convictions in cases where the initial entry may have been lawful. See id. ("This common statutory expansion in the definition of burglary makes great sense. A lawful entry does not foreclose the kind of intrusion burglary is designed to reach, as is illustrated by the case of a bank customer who hides in the bank until it closes and then takes the bank's money.”).