[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13045
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00214-RH-GRJ


LAWRENCE JAMES TAYLOR,

Petitioner-Appellant,

versus

WARDEN, FCI MARIANNA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 3, 2014)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

On July 28, 2006, in the U.S. District Court for the Northern District of

Texas, Lawrence James Taylor pled guilty to being a felon in possession of

firearms, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1).  On November 17, 2006, the District Court, finding that Taylor qualified as an armed career criminal under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)— because he had three prior convictions of a violent felony, i.e., two burglary convictions and a conviction for injury to child—sentenced him to prison for a term of 260 months.[1]  Taylor appealed his sentence.  He argued that the District Court improperly enhanced his sentence under the ACCA.  In doing so, he conceded (by not raising the issue) that the three convictions on which the District Court based its armed career criminal finding qualified as violent felonies under the ACCA.  The Fifth Circuit rejected his argument and affirmed his sentence. *United States v. Taylor*, 263 Fed.Appx. 402, 2008 WL 189986 (C.A.5 (Tex.)).

On June 1, 2009, Taylor moved the sentencing court to vacate his sentence pursuant to 28 U.S.C. § 2255, presenting an argument that he had not presented on direct appeal; he claimed that neither of his burglary convictions qualified as a violent felony under the ACCA.  Although he had been charged with burglary of habitation, a crime of violence, he had pled guilty to burglary of a building, which was not a crime of violence according to the Fifth Circuit's decision in *United*

---

[1] The ACCA subjects a defendant convicted under 18 U.S.C. § 922(g) to a minimum sentence of 15 years and a maximum sentence of life imprisonment if he has three prior convictions for "a violent felony or a serious drug offense, of both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  In addition to the convictions noted in the text, Taylor had been convicted of possession of cocaine.  The court concluded that such was not a serious drug offense; hence, that conviction is not relevant here.  The sentence range prescribed by the Sentencing Guidelines in the instant case was 235-293 months' imprisonment.

*States v. Constante*, 544 F.3d 584 (5ᵗʰ Cir. 2008). The court denied his § 2255 motion on the ground that he had procedurally defaulted his claim and had not established cause for failing to raise it on direct appeal. Taylor attempted to appeal the ruling, but both the sentencing court and the Court of Appeals denied his application for a certificate of appealability. Taylor then returned to the sentencing court with a "motion to correct illegal sentence." The court treated it as a second § 2255 motion and dismissed it for lack of jurisdiction.

On August 20, 2010, Taylor, invoking the savings claims of 28 U.S.C. § 2255,[2] petitioned the U.S. District Court for the Middle District of Florida for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he was actually and legally innocent of his ACCA sentencing enhancement. Citing this court's decision in *Gilbert v. United* States, 609 F.3d 1159 (11ᵗʰ Cir. 2010), *rev'd by Gilbert v. United* States, 640 F.3d 1293 (11ᵗʰ Cir. 2011) (en banc), Taylor argued that his two burglary convictions, which were obtained under Texas Penal Code § 30.02(a)(3), though violent felonies at the time of the convictions, *see United States v. Silva*, 957 F.2d 157, 161-62 (5th Cir. 1992) (holding that a conviction

---

[2] Section 2255's savings clause states, in pertinent part:

**(e)** An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the . . . the court which sentenced him . . . has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

(Emphasis added).

3

under § 30.02 was a violent felony), no longer constituted violent felonies; the *Constante* decision had so declared. The District Court, relying on this court's decision in *Williams v.Warden, Federal Bureau of Prisons*, 713 F.3d 1332 (11th Cir. 2013), denied Taylor's petition because Taylor had presented his argument to his sentencing court and the Fifth Circuit Court of Appeals, and they had rejected it. *Taylor v. Augustine*, 2013 WL 3214971 (N.D.Fla.). Taylor now appeals the District Court's decision.

On appeal, Taylor argues that he was entitled to proceed under § 2241 because, at the time of his conviction and his direct appeal, *United States v. Silva* foreclosed his argument that a conviction under Texas Penal Code § 30.02(a)(3) was not a violent felony. Taylor contends that the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), was retroactively applicable and required the overturning *Silva*, as the Fifth Circuit recognized in *United States v. Constante*, 544 F.3d at 584. Therefore, since his prior convictions under § 30.02(a)(3) were no longer violent felonies, he should be resentenced without the ACCA enhancement.

We review *de novo* whether a prisoner may bring a § 2241 petition under the savings clause. *Williams*, 713 F.3d at 1337. Pursuant to § 2255(a), a federal prisoner may move his sentencing court to vacate, set aside, or correct his sentence on the ground Taylor asserts—that the sentence was in excess of the statutory

4

maximum.  28 U.S.C. § 2255(a).  Although a prisoner may not file a second or successive § 2255 motion without permission from the court of appeals, 28 U.S.C § 2255(h), a prisoner who is otherwise barred from filing a second or successive motion to vacate may challenge his custody in a § 2241 petition if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e).

We have emphasized that a federal prisoner may not rely on the savings clause in order to escape the ban on second and successive § 2255 motions. *Gilbert,* 640 F.3d at 1323 (concluding that the savings clause did not authorize a federal prisoner to bring in a § 2441 petition a claim, which would otherwise be barred by the rule respecting second or successive § 2255 motions, that the Sentencing Guidelines were misapplied in a way that resulted in a longer sentence that did not exceed the statutory maximum).  However, in *Gilbert*, we left open the possibility that a claim involving a "pure *Begay* error," defined as an error in the application of the "violent felony" enhancement in 18 U.S.C. § 924(e)(2)(B), could be brought under the savings clause, noting that the ACCA enhancement raised the defendant's statutory minimum and maximum sentence.  *Id.* at 1319 n.20.

In *Williams*, we stated that a claim under the savings clause (1) must be based upon a retroactively applicable Supreme Court decision, and (2) the decision must have overturned a circuit precedent that squarely barred the claim so that the

5

petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. *Williams*, 713 F.3d at 1343 (citing *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999)). The prisoner in *Williams* could not avail himself of the savings clause because he was unable to identify a case that squarely foreclosed him from objecting on direct appeal or collateral attack to the classification of his prior burglary convictions as violent felonies. *Id.* at 1343-45. In so holding, we concluded that, to succeed on a *Begay* claim, the prisoner was required to show that *Begay* had overturned circuit precedent that specifically addressed the conviction at issue, not just that *Begay* had altered the relevant legal analysis. *Id.* at 1346-47. Moreover, we emphasized that *Begay* did not abrogate all of our pre-*Begay* holdings as to what constitutes a violent felony. *Id.* at 1347. We also held that the availability of the savings clause was a jurisdictional issue, such that claims that do not meet the requirements of the savings clause must be dismissed for lack of subject-matter jurisdiction. *Id.* at 1337-40.

Under the ACCA, a defendant receives an enhanced sentence if he is (1) convicted under § 922(g); and (2) has three prior convictions for a violent felony, a serious drug offense, or both, that were committed on occasions different from one another. 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as either (1) a crime that has as an element, the use, attempted use, or threatened use of physical force against the person of another; or (2) burglary, arson, extortion, or

6

a crime that otherwise involves conduct that presents a serious potential risk of physical injury to another.  18 U.S.C. § 924(e)(2)(B)(i), (ii).  *Begay* involved the "residual clause" of this definition, as it determined whether the crime of driving under the influence involved conduct that presents a serious potential risk of physical injury to another.  *Begay*, 533 U.S. at 141-45, 128 S.Ct. at 1584-86 (indicating that, to fall under the residual clause, the crime must be purposeful, violent, and aggressive).

Under § 30.02 of the Texas Penal Code, a person commits the offense of burglary if the person (1) enters a habitation or a building not then open to the public with the intent to commit a felony, theft, or assault; (2) remains concealed in a building or habitation with the intent to commit a felony, theft, or assault; or (3) enters a building or habitation and commits or attempts to commit a felony, theft, or assault.  Tex. Penal Code Ann. § 30.02(a).  In *Silva*, the Fifth Circuit upheld the ACCA enhancement where the defendant previously had been convicted of two counts of burglary of a habitation and one count of burglary of a building, all under § 30.02, but the court did not indicate the subsection under which the defendant had been convicted.  *Silva*, 957 F.2d at 161-62.  The court relied on *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990) (defining a generic burglary that constitutes a predicate ACCA offense), to conclude that § 30.02 was a generic burglary statute that punished

7

nonconsensual entry into a building with the intent to commit a crime, such that all of Silva's prior burglary convictions were predicate convictions justifying the ACCA enhancement. *Id.* at 162.

In *Constante*, the Fifth Circuit stated that it had never determined whether a conviction under § 30.02(a)(3) constituted a generic burglary that would sustain the ACCA enhancement. *Constante*, 544 F.3d at 585. Acknowledging that *Silva* had determined that a conviction under § 30.02 constituted a violent felony for ACCA purposes, the court stated that *Silva*, by necessity, had to refer only to § 30.02(a)(1) because that is the only section of the statute with a specific intent requirement. *Id.* at 585-86. The court determined that a conviction under § 30.03(a)(3) could not support the ACCA enhancement because it was not a generic burglary under *Taylor*. *Id.* at 586-87. Notably, the *Constante* panel did not rely on *Begay* or its progeny. *See Constante*, 544 F.3d at 585-87.

We conclude that Taylor has failed to establish on appeal that binding circuit precedent "squarely foreclosed" him from raising his claim on direct appeal or in his previous § 2255 motion, or that a retroactively applicable Supreme Court decision overturned the relevant precedent. Accordingly, Taylor has not satisfied the § 2255(e) savings clause requirements.

AFFIRMED.

8