# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11630
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

MATTHEW NAVARRO MONSISVAIS,

     Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-280-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

     Matthew Navarro Monsisvais pleaded guilty to being a felon in possession of a firearm and for possessing with the intent to distribute methamphetamine. According to the presentence report (PSR), Monsisvais had prior convictions for burglary and a conviction for assault family violence impeding breath/circulation, all in violation of Texas law. The PSR determined

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11630

that Monsisvais's three prior Texas burglary convictions qualified as violent felonies under 18 U.S.C. § 924(e)(2)(B) of the Armed Career Criminal Act (ACCA), resulting in a 15-year statutory-minimum sentence.

Monsisvais objected, as pertinent to this appeal, on the ground that the Texas burglary statute, Texas Penal Code Ann. § 30.02, was not divisible and that a conviction under the statute did not qualify as a "violent felony" for purposes of the ACCA enhancement. The district court overruled the objection, adopted the PSR, and imposed the ACCA enhancement, which heightened Monsisvais's advisory sentencing guidelines range to 188-235 months in prison. He was sentenced to 188 months of imprisonment, to be followed by three years of supervised release.

On appeal, Monsisvais argues that the district court erred in determining that his prior Texas burglary convictions implicated the ACCA sentencing enhancement in light of our decision in *United States v. Herrold*, 883 F.3d 517, 523, 531, 539 (5th Cir. 2018) (en banc), *pets. for cert. filed* (April 18, 2018) (No. 17-1445) and (May 21, 2018) (No. 17-9127). This court reviews Monsisvais's preserved challenge to his ACCA enhancement de novo. *See United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008).

In *Herrold*, our court held that the burglary provisions proscribed by Texas Penal Code Ann. § 30.02(a)(1) and (a)(3) set forth offenses broader than the generic definition of burglary and were therefore not violent felonies under the ACCA. *Herrold*, 883 F.3d at 520-37, 541-42. The Government concedes that *Herrold* forecloses any assertion that the court properly sentenced Monsisvais with the ACCA enhancement, but contends that our court wrongly decided *Herrold*. Given the foregoing, Monsisvais's Texas burglary convictions do not qualify as predicate offenses for the ACCA enhancement imposed by the district court. *See id.* at 537. Therefore, we VACATE Monsisvais's sentence and REMAND to the district court for resentencing in light of *Herrold*.

2

No. 16-11630

Monsisvais argues next that the district court erred in applying the provisions of § 924(e) based on his prior Texas conviction for assault family violence impeding breath/circulation. Monsisvais's argument, as he concedes, is foreclosed by this court's decision in *United States v. Howell*, 838 F.3d 489, 501 (5th Cir. 2016).

VACATED AND REMANDED.