United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40837

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL GUARDIOLA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(2:05-CR-599-ALL)
--------------------

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael Guardiola pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The presentence investigation report ("PSR") recommended a base offense level of thirty-three, because, inter alia, Guardiola previously had been convicted of aggravated robbery four times in Texas state court. After he received a three-level adjustment for acceptance of responsibility, Guardiola's total offense level was thirty. This offense level, combined with a Category VI criminal history score, resulted in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guideline sentencing range of 180 to 210 months.  The PSR also determined that Guardiola's previous aggravated robbery convictions qualified him for the statutory minimum 180-month sentence under the Armed Career Criminal Act ("ACCA").[1]

At the sentencing hearing, Guardiola objected to the ACCA enhancement on the ground that his four aggravated robbery convictions should be considered as one transaction or occurrence.[2] The district court overruled Guardiola's objection.  After granting the government's motion for a one-year downward departure based on Guardiola's substantial assistance, the district court sentenced Guardiola to 168 months of imprisonment and five years of supervised release.  Guardiola timely appealed.

For the first time on appeal, Guardiola contends that the district court erred in considering his prior aggravated robbery convictions as predicate offenses under the ACCA, because (1) he met the definition of "juvenile" under 18 U.S.C. § 5031 at the time he was convicted of those crimes, and (2) convictions of persons meeting the federal definition of a juvenile should not be counted as predicate offenses under the ACCA.  We disagree.

---

[1] 18 U.S.C. § 924(e).

[2] Guardiola has abandoned this argument on appeal, but the government notes that each of Guardiola's four aggravated robberies involved different victims and occurred at different locations at different times.

As Guardiola did not raise this issue in the district court, we review his sentence for plain error.[3] Under the plain error standard, Guardiola must show that (1) there was error, (2) the error is clear or obvious, and (3) the error affects his substantial rights.[4] Even if the appellant makes such a showing, we will correct the error only when it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."[5] In this case, we conclude that the district court committed no error, plain or otherwise, in considering Guardiola's aggravated robbery convictions as predicate offenses under the ACCA.

Texas law authorizes the juvenile court to waive its jurisdiction and allow juveniles to be tried as adults for first-degree felonies.[6] Guardiola was tried as an adult and convicted of aggravated robbery in Texas state court. Guardiola contends that, for purposes of sentencing in federal court, the federal definition

---

[3] See United States v. McGilberry, 480 F.3d 326, 328 (5th Cir. 2007).

[4] Id. at 329.

[5] Id. (citations omitted).

[6] In Texas, the juvenile court has exclusive jurisdiction over children sixteen years of age and younger. Tex. Fam. Code § 51.02(2). The juvenile court may waive jurisdiction and transfer a case to a district court for criminal proceedings if the child is alleged to have committed a first-degree felony and was fourteen years of age at the time of the alleged offense. § 54.02(a)(2). Such a waiver is contingent upon the juvenile court's full evaluation of the circumstances surrounding the alleged offense. §§ 54.02(a),(f).

3

of a "juvenile" should prevail over Texas's determination to try him as an adult. In essence, Guardiola argues that his state aggravated robbery convictions should have been treated as juvenile offenses for federal sentencing purposes and not first-degree felonies. Given the nature of Guardiola's offense, however, it is irrelevant to our analysis whether he was convicted as an adult or as a juvenile.

A defendant is subject to the ACCA if he or she "violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another."[7] "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that ... is burglary."[8] "[T]he term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony."[9] Aggravated robbery constitutes a violent felony within the meaning of § 924(e)(2)(b),[10]

---

[7] 18 U.S.C. § 924(e)(1).

[8] § 924(e)(2)(B)(ii).

[9] § 924(e)(2)(C).

[10] See Tex. Penal Code § 29.03 (aggravated robbery involves a "deadly weapon" and is a first-degree felony); Tex. Penal Code

4

and, as noted earlier, each of Guardiola's four aggravated robberies involved different victims and occurred at different locations at different times. Consequently, under the plain language of the ACCA, Guardiola's offenses qualify as prior convictions even though he was a juvenile when he committed them.

For the foregoing reasons, Guardiola's sentence is, in all respects,

AFFIRMED.

---

§ 29.03 (first-degree felonies punishable not less than five years imprisonment); see also, e.g., United States v. Munoz, 150 F.3d 401, 419 (5th Cir. 1998).