PATRICK E. HIGGINBOTHAM, Circuit Judge,
specially concurring:
I join the panel opinion and here explain my view that the issues presented are best resolved by a straightforward application of the analytic approach developed by the Supreme Court in Begay v. United States.[1] Begay clarified the scope of the ACCA’s Residual Clause by explaining that the four example crimes listed in 18 U.S.C. § 924(e) (2) (B) (ii) — burglary, arson, extortion, and crimes involving the use of explosives — “illustrate the kinds of crimes that fall within the statute’s scope. Their presence indicates that the statute covers only similar crimes, rather than every crime that ‘presents a serious potential risk of physical injury to another.’ ”[2] The Court went on to hold that the Residual Clause only covers “crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves.”[3]
I read Begay as instructing us to use a two-step inquiry to determine whether a particular offense falls within the ambit of the Residual Clause. First, we ask whether the offense in question is a similar kind of offense as the four example crimes. Next, we ask whether it poses a similar degree of risk. The answer to both questions is yes as to conspiracy to commit aggravated robbery as defined under Texas law.
As to the first step of that inquiry, the four example crimes demonstrate that the kind of crimes the Residual Clause targets are “ ‘certain general categories of property crimes’ ” that invariably “ ‘present! ] a risk of injury to persons.’ ”[4] As the Court explained in James v. United States, “the most relevant common attribute of the enumerated offenses of burglary, arson, extortion, and explosives use ... is that all of these offenses, while not technically crimes against the person, nevertheless create significant risks of bodily injury or confrontation that might result in bodily injury.”[5] The reason the Residual Clause’s four example crimes create a serious potential risk of physical injury to *744 another is they “all typically involve purposeful, violent, and aggressive conduct.”[6]
In this case, I conclude that conspiracy to commit aggravated robbery is similar in kind to the four example crimes. I arrive at that conclusion in two steps. First, aggravated robbery is quite plainly the kind of purposeful, violent, and aggressive property crime that entails a substantial risk of injury to its victim. Robbery, by definition, is a violent form of theft.[7] Indeed, the feature of robbery that distinguishes it from theft is — as the panel opinion aptly points out — actual or threatened assaultive conduct. We have previously concluded that, as defined by Texas law, both robbery[8] and aggravated robbery[9] are violent felonies under the Residual Clause, and the statutory history of the ACCA supports that conclusion.[10]
In turn, conspiracy to commit aggravated robbery is the same kind of crime as aggravated robbery. A criminal conspiracy derives its nature from the crime whose commission is the conspiracy’s object.[11] To ignore the target offense when determining a conspiracy’s violent or nonviolent character would be to ignore the very aspect of the conspiracy that makes it criminal. It follows that a Texas conviction of conspiracy to commit aggravated robbery is similar in kind to the four offenses enumerated in § 924(e)(2) (B) (ii).
The second step asks whether conspiracy to commit aggravated robbery poses a degree of risk that is similar to the degree of risk posed by the four example crimes. To determine whether conspiracy to commit aggravated robbery creates a sufficiently serious potential risk of physical injury to another, we compare the risk it poses to the risk “posed by its closest analog among the enumerated offenses.”[12] One of the enumerated offenses is extortion, which the Supreme Court has equated with robbery.[13] Thus, we need only *745 determine whether conspiracy to commit aggravated robbery poses a similar degree of risk as aggravated robbery itself.
In my view, the United States Sentencing Commission has answered this question for us. The ACCA’s definition of “violent felony” is identical in all respects material to this appeal to the definition of “crime of violence” found in § 4B1.2(a) of the Sentencing Guidelines. On numerous prior occasions we have “applied our holdings under the residual clause of the ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice versa.”[14] The Commission, “ “which collects detailed sentencing data on virtually every federal criminal case, is better able than any individual court to make an informed judgment about the relation between’ a particular offense and ‘the likelihood of accompanying violence.’ ”[15] And the Commission has defined the term “crime of violence” in § 4B 1.2(a) to include the offense of conspiring to commit a crime of violence.[16]
When the Sentencing Guidelines use a term such as “conspiracy” to describe an offense, we employ a “ ‘common sense approach’ ” based on the term’s “ ‘generic, contemporary meaning’ ” to determine whether it encompasses a particular state’s version of that offense.[17] In my view, the generic, contemporary definition of a criminal conspiracy includes a requirement that at least one of the conspirators take an overt act in furtherance of the agreement.[18] Because Texas’s conspiracy statute requires an “overt act in pursuance of the agreement,”[19] a Texas conspiracy conviction falls within the realm of conspiracy offenses described in the commentary to § 4B1.2 of the Guidelines. Thus, the reasoned, empirical judgment of the Sentencing Commission is that the Texas offense of conspiracy to commit aggravated robbery presents a sufficiently “serious potential risk of physical injury to another”[20] to be classified as a crime of violence under § 4B1.2. The Commission’s judgment weighs heavily in favor of concluding that conspiracy to commit aggravated robbery *746 poses a similar degree of risk as the four enumerated offenses in § 924(e)(2)(B)(ii).[21]
For these reasons, as well as those laid out in the panel opinion, I conclude that the Texas offense of conspiracy to commit aggravated robbery is a violent felony within the meaning of the Residual Clause of 18 U.S.C. § 924(e)(2)(B)(ii).

. 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008).

. Id. at 142, 128 S.Ct. 1581 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

. Id. at 143, 128 S.Ct. 1581 (emphasis added).

. James v. United States, 550 U.S. 192, 199, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (quoting Taylor v. United States, 495 U.S. 575, 597, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).

. Id.

. Begay, 553 U.S. at 144-45, 128 S.Ct. 1581 (citation and internal quotation marks omitted).

. See United States v. Santiesteban-Hernandez, 469 F.3d 376, 380 (5th Cir.2006) ("[Rlobbeiy 'may be thought of as aggravated larceny,’ containing at least the elements of 'misappropriation of property under circumstances involving immediate danger to the person.' ” (quoting Wayne R. LaFave, Substantive Criminal Law § 20.3 intro., (d)(2) (2d ed.2003) (brackets omitted))); Model Penal Code § 222.1 explanatory note (2001) ("Robbery is appropriately defined as a separate and serious offense because of the special elements of danger commonly associated with forcible theft from the person.”).

. See United States v. Davis, 487 F.3d 282, 287 (5th Cir.2007).

. United States v. Guardiola, 236 Fed.Appx. 93, 95 (5th Cir.2007) (per curiam) (unpublished) (citing United States v. Muñoz, 150 F.3d 401, 419 (5th Cir.1998)).

. See James, 550 U.S. at 200-01, 127 S.Ct. 1586 (noting that the original version of the ACCA provided enhanced penalties based on two prior convictions for “any robbery or burglary offense" and that the 1986 amendment to the ACCA, which replaced that language with the Residual Clause, was "for the purpose of expanding the range of predicate offenses” (citations and internal quotation marks omitted)).

. See Tex. Penal Code § 15.02(d) (providing that a conspiracy offense is punishable as a felony that "is one category lower than the most serious felony that is the object of the conspiracy”); 15A C.J.S. Conspiracy § 98 ("Although criminalization of conspiracy punishes the inchoate offense by prosecuting the agreement itself, separating and stigmatizing jointly planned criminal activity prior to its completion, the crime of conspiracy is directed at the intended result of that agreement.” (footnote omitted)).

. James, 550 U.S. at 203, 127 S.Ct. 1586.

. Compare Begay, 553 U.S. at 145, 128 S.Ct. 1581 (defining extortion as " ‘purposely’ obtaining property of another through threat of, e.g., inflicting ‘bodily injury’ ” (quoting Model Penal Code § 223.4 (1985))), with Tex. Penal Code § 29.02(a)(2) (defining robbery as "in *745 tentionally or knowingly threatenfing] or placing] another in fear of imminent bodily injury or death” while "in the course of committing theft ... and with intent to obtain or maintain control of the property”).

. United States v. Mohr, 554 F.3d 604, 609 n. 4 (5th Cir.) (collecting cases), cert. denied, — U.S. —, 130 S.Ct. 56, 175 L.Ed.2d 45 (2009).

. James, 550 U.S. at 206, 127 S.Ct. 1586 (quoting United States v. Doe, 960 F.2d 221, 225 (1st Cir.1992) (Breyer, CJ.)).

. U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.l (2010).

. United States v. Hernandez-Galvan, 632 F.3d 192, 196 (5th Cir.2011) (quoting United States v. Moreno-Florean, 542 F.3d 445, 449 (5th Cir.2008)).

. “[A]bsent plain indication to the contrary, federal laws are not to be construed so that their application is dependent on state law,” Taylor, 495 U.S. at 591, 110 S.Ct. 2143, and the federal conspiracy statute includes an overt-act requirement, see 18 U.S.C. § 371. Cf. Taylor, 495 U.S. at 592, 110 S.Ct 2143 ("We think that ‘burglary' in § 924(e) must have some uniform definition independent of the labels employed by the various States’ criminal codes.”).

. Tex. Penal Code § 15.02(a)(2). That feature of the Texas statute distinguishes this case from both United States v. Whitson, 597 F.3d 1218, 1223 (11th Cir.2010) (per curiam) ("[W]e conclude that non-overt act conspiracy is not a section 4B1.1 'crime of violence.' ”), and United States v. King, 979 F.2d 801, 802 (10th Cir.1992) ("New Mexico law is clear that the overt act which constitutes the object of the conspiracy is no part of the crime of conspiracy .... ” (citation, quotation marks, and brackets omitted)).

. U.S. Sentencing Guidelines Manual § 4B 1.2(a)(2) (2010).

. Relying on the Commission's empirical research also avoids the variability and indeterminacy that would attend an alternate approach, as it eliminates the need to wrestle with the difficulty created by the fact that the Court has explicitly instructed us that the Residual Clause covers only those "crimes that are roughly similar ... in degree of risk posed” to the four example crimes, Begay, 553 U.S. at 143, 128 S.Ct. 1581, notwithstanding the fact that the four example crimes " 'have little in common, most especially with respect to the level of risk of physical injury that they pose,’ ” id. (quoting James, 550 U.S. at 229, 127 S.Ct. 1586 (Scalia, J., dissenting)).