# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2013

No. 12-10133
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROLANDO RAMIREZ, also known as Roland Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-118-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Rolando Ramirez is appealing the 180-month sentence imposed following his conviction for possession of a firearm subsequent to a felony conviction.

Ramirez was sentenced under the provisions of the Armed Career Criminal Act (ACCA) because he had four prior convictions for burglary of a habitation pursuant to TEX. PENAL CODE § 30.02(a)(3), which the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined were violent felonies under the ACCA's residual clause. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4(a).

Ramirez's sole argument on appeal is that the issue of whether his prior convictions were violent felonies under the ACCA was foreclosed by *United States v. Constante*, 544 F.3d 584 (5th Cir. 2008). In *Constante*, we did not address whether burglary under § 30.02(a)(3) was a violent felony under the ACCA's residual clause. Thus, the issue was not foreclosed by *Constante*. *See, e.g., Matter of Swift*, 129 F.3d 792, 796 n.18 (5th Cir. 1997) (stating that we are not bound by a previous decision if that decision did not consider an issue raised in the subsequent case).

In light of the foregoing, Ramirez's sentence is AFFIRMED.