**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Bennie D. EMEARY, Jr., Defendant–
Appellant.**

No. 09–40529.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 2014.

Randall Al Blake, Assistant U.S. Attorney, U.S. Attorney's Office, Sherman, TX, for Plaintiff–Appellee.

Bennie D. Emeary, Jr., Big Spring, TX, pro se.

JAMES L. DENNIS, Circuit Judge, in chambers:

Defendant-appellant Bennie D. Emeary, Jr.'s motion to recall the court's mandate in this criminal appeal is before me for decision as a single judge. For the reasons that follow, I will deny the motion.

## I.

Emeary was convicted in federal court of illegally possessing a firearm after having been convicted of a felony, which is generally punishable by a *maximum* term of ten years of imprisonment. 18 U.S.C. § 924(a)(2). However, if the defendant has previously been convicted of three "violent felonies" within the meaning of the Armed Career Criminal Act ("ACCA"), then the *minimum* term of imprisonment is fifteen years. § 924(e)(1). The district court concluded that Emeary had committed three "violent felonies" and sentenced him to fifteen years of imprisonment.

Emeary's attorney failed to file an appeal within the proper time limits, and Emeary filed a motion under 28 U.S.C. § 2255 challenging her omission and seeking to have his appellate rights restored. The district court determined that the attorney's failure amounted to ineffective assistance of counsel and that Emeary was entitled to an appeal. *See United States v. Tapp*, 491 F.3d 263 (5th Cir.2007). A new attorney was appointed.

On appeal to this court, Emeary's new attorney represented that, based on his review of the record, there were no plausible legal arguments to present. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We dismissed the appeal, and the court's mandate issued on March 8, 2010.

Now, almost five years later, Emeary, pro se, requests that the court recall its mandate and reconsider his case on appeal because, he says, his attorney and this court both overlooked plain legal error in the calculation of his sentence. Contrary to the district court's conclusion, he argues, the established law of this circuit at the time of his appeal mandated that one of his prior offenses was not a "violent felony" under the ACCA. Therefore, he contends, he should not have been sentenced to fifteen years of imprisonment, but rather to a maximum of ten, and this

court should recall its mandate to correct the error.

## II.

■ "The Supreme Court has recognized that courts of appeals have an inherent power to recall their mandates." *Goodwin v. Johnson,* 224 F.3d 450, 459 (5th Cir.2000) (citing *Calderon v. Thompson,* 523 U.S. 538, 549, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998)). "Nonetheless, the Supreme Court has instructed that we may exercise that power only upon a showing of 'extraordinary circumstances.'" *United States v. Fraser,* 407 F.3d 9, 10 (1st Cir.2005) (citing *Calderon,* 523 U.S. at 550, 118 S.Ct. 1489).

In *Calderon v. Thompson,* 523 U.S. at 553, 118 S.Ct. 1489, the Supreme Court recognized that a motion to recall the mandate may be akin to a petition for habeas corpus and thus be subject to the limitations imposed on habeas petitions by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The issue in *Calderon* was, given that the prisoner had filed a previous habeas petition, whether the motion to recall the mandate ran afoul of AEDPA's limitations on "successive" habeas petitions. *Id.* (citing 28 U.S.C. § 2244(b)).

Here, given that Emeary filed an initial habeas petition under 28 U.S.C. § 2255, under *Calderon*'s reasoning, arguably the present motion to recall the mandate should be construed as a "successive" habeas petition under AEDPA, which would result in its denial since Emeary's claim about his sentence is not of the sort that AEDPA allows in a "successive" petition. *See* § 2255(h) (successive petitions must be based on newly discovered evidence or a new and retroactive rule of constitutional law).[1]

However, there are reasons (somewhat complex ones) to think that, even though Emeary has already filed a habeas petition, the motion to recall the mandate, construed as another habeas petition, is not "successive" to the first one under AEDPA. *Cf. In re Cain,* 137 F.3d 234, 235 (5th Cir.1998) (a habeas petition is not "successive" "simply because it follows an earlier federal petition"). The district court entered its judgment, including the fifteen year sentence, on December 12, 2005. After Emeary complained in his initial habeas petition about his attorney's failure to appeal from *that* judgment, the district court entered an identical "reinstated judgment" on May 1, 2009. (For the reasons explained in *United States v. West,* 240 F.3d 456 (5th Cir.2001), which need not be repeated here, that reentry of the judgment was necessary in order to reinstate Emeary's right to appeal.) Arguably then, the present motion—which challenges the "reinstated judgment" of May 1, 2009—is not "successive" to the initial habeas petition because that initial petition challenged a *different* judgment— the original judgment of December 12,

---

1. It could be argued that *Calderon*'s principle of construing motions to recall the mandate as akin to habeas petitions is inapplicable here because, while *Calderon* involved the mandate of an appeal from a *judgment denying habeas corpus,* this case involves the mandate of an appeal from *the judgment of conviction. Compare Conley v. United States,* 323 F.3d 7, 14 (1st Cir.2003) (en banc) ("The considerations are somewhat different [than those in *Calderon* ] where, as here, … the … mandate was not issued in a habeas proceeding at all but on direct review of the denial of a new trial motion."), *with Bottone v. United States,* 350 F.3d 59, 64 (2d Cir.2003) ("[A]lthough Bottone challenges a decision handed down on direct appeal, rather than on a habeas claim, the reasoning of *Calderon* is equally applicable in the instant case."). For the reasons explained in this opinion, it is not necessary to decide that issue.

2005. *See Magwood v. Patterson,* 561 U.S. 320, 341–42, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010) (when there is a new judgment intervening between two habeas petitions, the second petition—which challenges the new judgment—is not "successive"); *cf. United States v. Garza,* 439 Fed.Appx. 297 (5th Cir.2011).

But on the other hand, it could be argued that, since Emeary's sentence was neither modified nor reconsidered in a substantive sense but was simply reinstated for technical reasons, he is not *really* challenging a *new* judgment so as to avoid having the present motion construed as a "successive" habeas petition, but is rather once again challenging the *original* judgment. *See In re Parker,* 575 Fed.Appx. 415, 418 (5th Cir.2014) (to determine whether an amended judgment invokes the *Magwood* rule, the court "must consider the impetus and effect of the amended judgment").

In sum, whether Emeary's motion to recall the mandate must be denied because it runs afoul of AEDPA's limitations on successive habeas petitions—or any other AEDPA limitation—is murky, to say the least. Here, however, it is not necessary to decide whether AEDPA precludes the motion, because it must be denied for another reason. In this circuit, the court's mandate "will not be recalled except to prevent injustice." 5TH CIR. R. 41.2. If recall of the mandate in Emeary's case to consider his claim of sentencing error is to "prevent injustice," the claim must have a likelihood of success at least. But, for the reasons that follow, it does not.

### III.

Under ACCA, the definition of "violent felony" includes, in the part relevant to this case, a crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). The district court classified Emeary's prior conviction under § 30.02(a)(3) of the Texas Penal Code for "enter[ing] a building or habitation" "without the effective consent of the owner" and "commit[ing] or attempt[ing] to commit a felony or theft"[2] as a "violent felony." In *United States v. Constante,* 544 F.3d 584 (5th Cir.2008), this court held that such offense does not constitute a "burglary" under § 924(e)(2)(B)(ii) because it does not require proof that the defendant had the intent to commit a felony or theft *at the time of entry into the building*—an essential element of a "burglary" under § 924(e)(2)(B)(ii). *Id.* at 587. Emeary relies on *Constante* to argue that classification of his conviction under the Texas statute as a "violent felony" was plain error.

Emeary misses a critical point. *Constante* makes clear that Emeary's Texas offense is not a "burglary" in the meaning of § 924(e)(2)(B)(ii), it is true; but it does not follow that it is not a "violent felony." That is because § 924(e)(2)(B)(ii)'s definition of a "violent felony" encompasses not only "burglary" but also, under the so-called residual clause, *other offenses* that "involve[ ] conduct that presents a serious potential risk of physical injury to another." In *United States v. Ramirez,* 507 Fed.Appx. 353 (5th Cir.2013), this court read *Constante* as not addressing the residual clause and as holding *only* that the Texas offense does not constitute a "burglary." *Id.* at 354. In other words, under the reasoning of *Ramirez,* it remains an

---

**2.** The Texas statute has been amended since Emeary's conviction and now prohibits entering a building or habitation without consent and committing or attempting to commit "a felony, theft, *or an assault.*" (Emphasis added.) The amendment is immaterial here.

open question whether Emeary's conviction under § 30.02(a)(3) of the Texas Penal Code constitutes a "violent felony" by dint of § 924(e)(2)(B)(ii)'s residual clause *even though* it is not a "violent felony" because of its classification as a "burglary." *See also James v. United States*, 550 U.S. 192, 212, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (the residual clause "can cover conduct that is outside the strict definition of, but nevertheless similar to, generic burglary").[3]

■ There is no definitive answer in the decisions of the Supreme Court or this circuit whether Emeary's § 30.02(a)(3) conviction is a "violent felony" under the residual clause. The critical point is, although Emeary argues that *Constante* establishes that the classification of his offense as a "violent felony" amounts to obvious legal error, the truth of the matter is much less clear. (It is no secret that courts have found the ACCA's residual clause "nearly impossible to apply consistently." *Chambers v. United States*, 555 U.S. 122, 133, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009) (Alito, J., concurring)) That ambiguity is important because, as Emeary did not object to the classification of his conviction as a "violent felony" before the district court, this court would, after recall of the mandate, review the claim for "plain error." Fed. R.Crim. P. 52(b); *United States v. Guardiola*, 236 Fed.Appx. 93, 94 (5th Cir.2007); *United States v. Jones*, 743 F.3d 826, 828 (11th Cir.2014). That means, this court would grant Emeary resentencing only if his current sentence is the result of "clear" or "obvious" legal error. *See United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). For the

reasons explained, if there is error here, it cannot be said to be clear or obvious.

Moreover, even if Emeary's sentence were the result of plain error (as explained, it is not), it is far from clear that this court could grant relief given the waivers in Emeary's plea agreement. *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir.1992).

In sum, although Emeary presents a plausible claim of sentencing error, it is far from clear or obvious that his argument is correct. In light of the plain-error standard that would govern review of Emeary's argument if the mandate were recalled and the waivers in Emeary's plea agreement, his sentencing claim does not have a likelihood of success.

## IV.

"Once issued a mandate will not be recalled except to prevent injustice." 5th Cir. R. 41.2. It is one thing to recall the mandate to correct a plain sentencing error that resulted in a serious deprivation of liberty, but it is quite another to recall the mandate to consider a claim of potential merit that is far from clear. Because Emeary has not shown a likelihood of success on the claim he seeks to present once the mandate is recalled, he has failed to show that there are "extraordinary circumstances" warranting such here. *Cf. In re Jasper*, 559 Fed.Appx. 366, 374 (5th Cir. 2014) (Dennis, J., concurring).

IT IS ORDERED that the motion to recall the mandate is DENIED.

---

**3.** *Ramirez* is unpublished and therefore nonbinding, so this court may at some point read *Constante* differently than did the *Ramirez* panel. Nevertheless, *Ramirez* casts doubt upon Emeary's claim.