# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 14-50287

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHARLES WILLIAM ST. CLAIR, VI, also known as Chipper, also known as Charles StClaire,

Defendant - Appellant

———

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-153

———

Before DAVIS and CLEMENT, Circuit Judges, and ROSENTHAL, District Judge.*

PER CURIAM:**

Charles William St. Clair, VI, appeals his sentence, arguing that the district court misapplied the career offender guideline of the United States Sentencing Guidelines. The district court clearly erred in applying the career

---

* District Judge of the Southern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50287

offender guideline because his prior burglary convictions under Texas Penal Code § 30.02(a)(3) were not crimes of violence. But this error did not affect St. Clair's substantial rights. Accordingly, we AFFIRM, but we do so without prejudice to St. Clair's ability to apply for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## FACTS AND PROCEEDINGS

A jury found St. Clair guilty of conspiracy to possess with intent to distribute at least 500 grams of methamphetamine. His Presentence Investigation Report ("PSR") assessed his criminal history category as VI, and he does not appeal this assessment. The PSR also attributed 940 grams of "Ice" methamphetamine to him, resulting in a base offense level of 36. Using the base offense level, his Guidelines imprisonment range was 324 to 405 months. U.S.S.G. Ch. 5, Pt. A. The PSR also recommended applying the career offender guideline, U.S.S.G. § 4B1.1. The PSR alleged that St. Clair had at least two prior Texas burglary convictions, allowing the application of the career offender guideline. Accordingly, the PSR recommended using the career offender guideline to raise his offense level to 37, rather than the base offense level of 36. Using the increased offense level of 37, St. Clair's new Guidelines imprisonment range was 360 months to life. U.S.S.G. Ch. 5, Pt. A.

St. Clair lodged several objections, but his only objection to the application of the career offender guideline was that his three burglary convictions were part of a continued course of criminal conduct, so they should be counted as one prior conviction. The district court overruled this objection, and St. Clair has not appealed this ruling. Instead, St. Clair argues for the first time on appeal that two of his prior Texas burglary convictions do not qualify as crimes of violence.

No. 14-50287

## STANDARD OF REVIEW

Because St. Clair did not present the current issue to the district court, we review it for plain error. *See* Fed. R. Crim. P. 52(b). Under plain error review, we will reverse only if: (1) there is an error that has not been intentionally abandoned; (2) the error is "clear or obvious, rather than subject to reasonable dispute"; (3) the error "affected the appellant's substantial rights"; and (4) this court chooses to exercise its discretion because the "error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (internal quotation marks and alteration omitted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

## DISCUSSION

It is undisputed that two of St. Clair's three prior convictions were for violations of Texas Penal Code § 30.02(a)(3). He argues that these two convictions were not for crimes of violence, and, therefore, the career offender guideline does not apply.

The career offender guideline only applies to a defendant with "at least two prior felony convictions of . . . a crime of violence." U.S.S.G. § 4B1.1(a). Because St. Clair only has three potentially qualifying prior convictions, the career offender guideline does not apply if St. Clair's two convictions under § 30.02(a)(3) are not crimes of violence.

For our purposes, the Armed Career Criminal Act ("ACCA") definition for a "violent felony" is identical to the career offender guideline definition for a "crime of violence." *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), *with* U.S.S.G. § 4B1.2(a)(2).[1] Moreover, we generally treat cases dealing with the career

---

[1] The only difference between the definitions is that ACCA provides that a "burglary" is a violent felony, whereas the Guidelines provide that a "burglary of a dwelling" is a crime

3

offender guideline "interchangeably" with cases dealing with the ACCA. *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (per curiam). Thus, our precedent regarding ACCA's definition of a violent felony is directly applicable to the Guidelines definition of a crime of violence.

*United States v. Constante* held that a conviction under § 30.02(a)(3) is not a generic burglary for ACCA purposes because it does not require a person to enter a building *with the intent* to commit a felony or theft, which is required under the generic definition of burglary. 544 F.3d 584, 587 (5th Cir. 2008) (per curiam). *Constante* also held that, because a conviction under § 30.02(a)(3) is not a generic burglary, it is not a violent felony. *Id.* *Constante* repeatedly stated that a conviction under § 30.02(a)(3) is *not* a violent felony. *Id.* at 585–87. The district court plainly erred by holding to the contrary.[2]

But St. Clair fails on the third prong of plain error review because the error did not affect his substantial rights. The imprisonment range that the district court applied was 360 months to life. The correct imprisonment range was 324 to 405 months, and he was actually sentenced to 360 months. Thus, the correct imprisonment range overlaps with the erroneously-applied

---

of violence. Here, St. Clair has not contested that his burglary convictions were for burglaries of dwellings, so this difference is irrelevant.

[2] In *United States v. Ramirez*, an unpublished opinion, a panel held that *Constante*'s relative silence about one part of ACCA's definition of a violent felony means that *Constante* did not resolve whether § 30.02(a)(3) is a violent felony. *Ramirez*, 507 F. App'x 353, 354 (5th Cir. 2013) (per curiam). Relying on *Ramirez*, Judge Dennis issued an opinion on a single-judge matter, holding that treating § 30.02(a)(3) as a violent felony is not clear or obvious error. *United States v. Emeary*, 773 F.3d 619, 622–23 (5th Cir. 2014) (Dennis, J., in chambers).

But *Constante* clearly held that a conviction under § 30.02(a)(3) is not a violent felony. *See* 544 F.3d at 584, 586–87. Neither we nor the *Ramirez* panel could overrule the precedential decision of a previous panel. *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). Further, *Ramirez* is unpublished and is therefore non-precedential. *See* 5TH CIR. R. 47.5.4. It is clear and obvious that a district court cannot diverge from a precedential opinion's holding, regardless of subsequent non-precedential decisions such as *Ramirez* and *Emeary*. Accordingly, the district court's error was plain.

imprisonment range, and St. Clair was actually sentenced to a term that falls within the correct imprisonment range. "[W]here the resulting sentence falls within both the correct and incorrect guidelines, we do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (per curiam). Here, there is no such additional evidence. Accordingly, we conclude that the error did not affect St. Clair's substantial rights.[3]

However, because we hold that the district court plainly erred by basing St. Clair's sentence on the career offender guideline, the application of the career offender guideline cannot be considered to be one of the "guideline application decisions" upon which St. Clair's sentence is based. *See* U.S.S.G. § 1B1.10(b)(1). Accordingly, our decision today does not prejudice St. Clair's ability to file a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(d)–(e).[4]

## CONCLUSION

We AFFIRM, but we do so without prejudice to St. Clair's ability to apply for a sentence reduction under 18 U.S.C. § 3582(c)(2).

---

[3] We therefore do not reach the fourth prong of plain error review.

[4] We note the narrowness of this holding. We hold only that, because we decide on direct appellate review that there was a plain error, this error is not one of the "guideline application decisions" that is held constant for a § 3582(c)(2) motion. Specifically, we do not hold that a defendant can raise a plain error challenge to a guideline application decision in a freestanding § 3582(c)(2) motion.