REVISED JULY 24, 2015

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2015

Lyle W. Cayce
Clerk

————————————

No. 09-40529
Conference Calendar

————————————

UNITED STATES OF AMERICA,

 Plaintiff - Appellee

v.

BENNIE D. EMEARY, JR.,

 Defendant - Appellant

————————————————

Appeal from the United States District Court
for the Eastern District of Texas

————————————————

JAMES L. DENNIS, Circuit Judge, in chambers:

 "The Supreme Court has recognized that courts of appeals have an inherent power to recall their mandates." *Goodwin v. Johnson*, 224 F.3d 450, 459 (5th Cir. 2000) (citing *Calderon v. Thompson*, 523 U.S. 538, 549 (1998)). "Our authority to recall our mandate is clear." *United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997). "Nonetheless, the Supreme Court has instructed that we may exercise that power only upon a showing of 'extraordinary circumstances.'" *United States v. Fraser*, 407 F.3d 9, 10 (1st Cir. 2005) (citing

*Calderon*, 523 U.S. at 550). In this circuit, the court's mandate "will not be recalled except to prevent injustice." 5TH CIR. R. 41.2. Under these standards, I conclude that the mandate in this criminal appeal of Bennie D. Emeary, Jr. shall be recalled. As I will explain, Emeary's appointed attorney and this court both committed plain error in reviewing Emeary's sentence and failing to notice that he was condemned to five more years of incarceration than the law allows. In my view, this plain error can and should be corrected.

On February 9, 2005, Emeary was indicted for illegally possessing firearms after having been convicted of a felony, which is generally punishable by a *maximum* term of ten years of imprisonment. 18 U.S.C. § 924(a)(2). However, if the defendant has previously been convicted of three "violent felonies" within the meaning of the Armed Career Criminal Act ("ACCA"), then the *minimum* term of imprisonment is fifteen years. § 924(e)(1). Under the ACCA, the definition of "violent felony" includes, in pertinent part, crimes that "[are] burglary, arson, or extortion, involve[] use of explosives, or otherwise involve[] conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). Emeary's indictment alleged that he had been convicted of three prior "violent felonies," including, pertinent here, a 1998 conviction in Texas for "burglary of a building." The bill of information for the 1998 conviction reveals that it was under § 30.02(a)(3) of the Texas Penal Code, for "enter[ing] a building" "without the effective consent of the owner" and "commit[ing] or attempt[ing] to commit a felony or theft."[1]

On May 25, 2005, pursuant to a plea agreement with the government, Emeary pleaded guilty to the illegal-possession-of-firearms charge. The district court sentenced Emeary on December 7, 2005. The court classified

---

[1] The Texas statute has been amended since Emeary's conviction and now prohibits entering a building or habitation without consent and committing or attempting to commit "a felony, theft, *or an assault*." (Emphasis added.) The amendment is immaterial here.

Emeary as subject to the ACCA's fifteen-year minimum sentence because, including the 1998 conviction under Texas Penal Code § 30.02(a)(3), he had been convicted of three "violent felonies." The court sentenced Emeary to fifteen years of incarceration.

Emeary filed a notice of appeal on May 13, 2009.[2] On September 14, 2009, Emeary's appointed attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), representing that he had reviewed the case and concluded that there were no nonfrivolous arguments to present on Emeary's behalf. (In fact, he went further and represented that there was "no reversible error in this case." *Anders* Br., at 24.) He therefore requested the court's leave to withdraw as Emeary's attorney. Under *Anders*, 386 U.S. at 744, that triggered this court's obligation to conduct "a full examination of all the proceedings [and] to decide whether the case is wholly frivolous." On February 12, 2010, we concluded that there were no nonfrivolous issues presented and dismissed the appeal. *United States v. Emeary*, 365 F. App'x 552, 553 (5th Cir. 2010) (unpublished). The court's mandate issued on March 8, 2010. Both Emeary's attorney and we made a serious omission, as I will explain.

Neither Emeary's attorney in his *Anders* brief nor this court in our opinion dismissing Emeary's appeal referenced *United States v. Constante*, 544 F.3d 584 (5th Cir. 2008), which issued on October 6, 2008 and was thus established circuit precedent at the time of Emeary's appeal. In *Constante*, 544 F.3d at 587, this court held that convictions under Texas Penal Code

---

[2] The appeal was delayed because Emeary's appointed attorney failed to timely initiate it, which the district court held amounted to unconstitutional ineffective assistance of counsel. To remedy the attorney's failure and afford Emeary an appeal, the district court entered a "reinstated" judgment on May 1, 2009. Emeary's May 13 notice of appeal is from the May 1 judgment. *See United States v. Tapp,* 491 F.3d 263 (5th Cir. 2007); *United States v. West,* 240 F.3d 456 (5th Cir. 2001).

§ 30.02(a)(3) do not constitute "violent felony" convictions under the ACCA.[3] Emeary, of course, was sentenced to fifteen years of imprisonment based on his Texas Penal Code § 302.03(a)(3) conviction's classification as a "violent felony" conviction.

On November 10, 2014, Emeary filed a motion with this court to recall the mandate in this appeal. He pointed to *Constante* and claimed that under it, his sentence was excessive and plainly erroneous. On December 8, 2014, I denied the motion, *United States v. Emeary*, 773 F.3d 619 (5th Cir. 2014), principally because I believed that it was unclear whether Texas Penal Code § 30.02(a)(3) offenses may be deemed "violent felonies" by dint of falling under the so-called "residual clause" of the ACCA's "violent felony" definition, an issue upon which *Constante* was not, in my estimation, crystal clear. (See *supra*, note 3 for a full explanation of the issue.) On June 26, 2015, however,

---

[3] I must note that the precise scope of *Constante*'s holding is reasonably debatable. The ACCA's definition of "violent felony" includes crimes that "[are] burglary, arson, or extortion, involve[] use of explosives, or otherwise involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). *Constante*'s express analysis addresses whether Texas Penal Code § 30.02(a)(3) offenses constitute "burglaries" under the "violent felony" definition, and *Constante* clearly answers "no." But did *Constante* also decide whether such offenses constitute ACCA "violent felonies" because they fall under the so-called "residual clause" of the "violent felony" definition—*i.e.*, because they "otherwise involve[] conduct that presents a serious potential risk of physical injury to another"? Theoretically, a state offense may constitute a "violent felony" because it falls under the residual clause even though it doesn't constitute a "burglary." *See James v. United States*, 550 U.S. 192, 212 (2007) (the residual clause "can cover conduct that is outside the strict definition of, but nevertheless similar to, generic burglary"). In *United States v. Ramirez*, 507 F. App'x 353, 354 (5th Cir. 2013) (unpublished), this court read *Constante* narrowly and construed it as holding only that the Texas offense does not constitute a "burglary," thus leaving as an open question whether it falls under the residual clause. Subsequently, though, in *United States v. St. Clair*, No. 14-50287, 2015 WL 1611666, at *3 n.2 (5th Cir. Apr. 13, 2015) (unpublished), this court rejected *Ramirez* and read *Constante* more broadly as "clearly" holding that the Texas offense is neither a "burglary" nor encompassed within the residual clause. In any event, the scope of *Constante* is academic now that the Supreme Court has held that the residual clause is unconstitutional and unenforceable. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). Per *Constante*, the offense is not a "burglary." Per *Johnson*, the residual clause is irrelevant.

the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the "violent felony" definition is vague, unconstitutional, and unenforceable. Post-*Johnson*, it is now clear without any room for doubt that Texas Penal Code § 30.02(a)(3) offenses are not "violent felonies" under the ACCA, period. (And, there is reason to think that such conclusion was "plain" before *Johnson*, too, under *Constante* alone. *See United States v. St. Clair*, No. 14-50287, 2015 WL 1611666, at *3 n.2 (5th Cir. Apr. 13, 2015) (unpublished).) On July 6, 2015, Emeary filed the present renewed motion to recall the mandate.

To summarize, Emeary was sentenced to fifteen years of incarceration because the district court erroneously classified his prior Texas Penal Code § 30.02(a)(3) conviction as a "violent felony" conviction under the ACCA. Emeary should not have been sentenced to more than ten years of incarceration, the correct statutory maximum. His attorney should have appealed the erroneous sentence.

To be fair and complete, Emeary's plea agreement did include an appeal waiver. There are, however, recognized exceptions to appeal waivers. *See United States v. Batamula*, 788 F.3d 166, 169 n.5 (5th Cir. 2015) (government forfeited the right to enforce the appeal waiver); *United States v. Powell*, 574 F. App'x 390, 394 (5th Cir. 2014) (unpublished) (explaining that other circuits have created a "miscarriage-of-justice" exception to the enforceability of appeal waivers but this circuit has not yet decided whether to join them); *United States v. De Cay*, 359 F. App'x 514, 516 (5th Cir. 2010) (unpublished) (same). Emeary's attorney, under his duty to act "zealous[ly] for the indigent's interests," *Smith v. Robbins*, 528 U.S. 259, 278 n.10 (2000), should have pressed to avoid the appeal waiver, but he failed to do so. *See also Anders*, 386 U.S. at 744 ("[Counsel's] role as advocate requires that he support his client's

appeal to the best of his ability."). At the very least, the potential for avoiding the appeal waiver barring Emeary from appealing his plainly erroneous sentence is a "possibly important issue" that should have been, but was not, identified in the *Anders* brief. *See United States v. Garland*, 632 F.3d 877, 879 (5th Cir. 2011) (quoting *United States v. Johnson*, 527 F.2d 1328, 1329 (5th Cir. 1976)). In fact, in *Garland*, 632 F.3d at 880, we faulted the attorney's *Anders* brief in that case for failing to "provide[] . . . facts about [the defendant's] prior convictions [and an] assessment of the validity of [a] challenge to [how those prior convictions affected the defendant's sentence]." Nor did the deficient *Anders* brief address the defendant's "characterization as a career offender." *Id.* So too here. By *Garland*'s standards, the *Anders* brief in this case was inadequate. But, we accepted it, erroneously.

Simply stated, the district court committed plain error by sentencing Emeary to fifteen years of incarceration when the statutory maximum was ten, and this court committed plain error when we deemed Emeary's appeal frivolous and dismissed it without any notice of the issue. The Supreme Court has recognized that, while the *Anders* process is intended "to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over," *Penson v. Ohio*, 488 U.S. 75, 85 (1988), the process is imperfect and cannot "eliminate all risk of error," *Smith*, 528 U.S. at 277 n.8. That acknowledgment demands a concomitant willingness of courts to correct plain errors that escaped notice, at least in some circumstances. In my view, those circumstances are present here. A criminal defendant should not be unlawfully condemned to five excessive years in prison—a "drastic loss of liberty," *Penson*, 488 U.S. at 85—based on the sort of clear and obvious error we made in this case.

The renewed motion to recall the mandate is GRANTED, the court's

No. 09-40529

mandate is RECALLED, the appeal is REINSTATED and EXPEDITED, and the defendant is APPOINTED counsel.[4]

IT IS SO ORDERED.

---

[4] In addition to any other issues Emeary's counsel will deem pertinent, the attorney should address the following questions. First, does the government intend to enforce the appeal waiver in Emeary's plea agreement? *See United States v. Acquaye*, 452 F.3d 380, 381-82 (5th Cir. 2006) (defense counsel has the duty to determine such). If so, second, is the appeal waiver enforceable in the circumstances of this case? *See Powell*, 574 F. App'x at 394 (discussing "miscarriage-of-justice" exception to the enforceability of appeal waivers); *De Cay*, 359 F. App'x at 516 (same). Third, does *Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (even when the Antiterrorism and Effective Death Penalty Act is inapplicable, "a court of appeals must exercise its discretion in a manner consistent with the objects of the statute"), preclude this court from granting relief to Emeary? *See Emeary*, 773 F.3d at 621-22 (discussing the issue). The government, in its response, should address whether the arguments it offers were forfeited when it failed to substantively respond to Emeary's motions to recall the mandate. *See Perez v. Stephens*, 784 F.3d 276, 282-83 (5th Cir. 2015) (forfeiture by failure to timely raise an issue).