**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4082**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DESEAN MALIK MILLSAPS,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:15-cr-00028-RLV-DSC-1)

———————

Submitted:  September 19, 2016       Decided:  October 6, 2016

———————

Before DUNCAN, AGEE, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desean Malik Millsaps appeals the criminal judgment imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute an unspecified quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and four counts of distribution or possession with intent to distribute unspecified quantities of heroin, in violation of 21 U.S.C. § 841(a)(1). On appeal, Millsaps' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning, in general terms, the reasonableness of Millsaps' 97-month sentence. We affirm.

We conclude that Millsaps' sentence is both procedurally and substantively reasonable. The district court properly calculated the applicable Sentencing Guidelines range and appropriately explained the selected below-Guidelines sentence in the context of the relevant 18 U.S.C. § 3553(a) (2012) factors, without relying on any "clearly erroneous facts." United States v. Howard, 773 F.3d 519, 528 (4th Cir. 2014). Thus, our review of the record reveals no procedural error in Millsaps' sentence.

Nor do we find merit in counsel's nonspecific argument that Millsaps' below-Guidelines sentence is substantively unreasonable. The district court offered ample reasons, rooted

2

in the § 3553(a) factors, for rejecting the downward variance counsel sought in this case, and we thus conclude that Millsaps has failed to rebut the presumption of substantive reasonableness afforded his below-Guidelines sentence. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014); see Gall v. United States, 552 U.S. 38, 51 (2007) (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance").

In accordance with Anders, we have reviewed the entire record in this case and find no meritorious ground for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Millsaps, in writing, of the right to petition the Supreme Court of the United States for further review. If Millsaps requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Millsaps. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3