# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51140

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHARLES WILLIAM ST. CLAIR, VI, also known as Chipper, also known as Charles StClaire,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-153

Before STEWART, Chief Judge, and HAYNES and WILLETT, Circuit Judges.

PER CURIAM:*

Charles William St. Clair, VI appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his 327-month sentence for conspiracy to possess with intent to distribute methamphetamine "Ice." We granted a certificate of appealability ("COA") to consider whether St. Clair's counsel was ineffective for failing to object at sentencing to the career-offender

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement on the ground that two of St. Clair's burglary convictions were not crimes of violence.

A jury found Charles William St. Clair, VI guilty of conspiracy to possess with intent to distribute at least 500 grams of methamphetamine. Based on St. Clair's two prior burglary convictions, the probation officer recommended that the court apply the career-offender guideline, which dictated an advisory imprisonment range of 360 months to life. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (2013).

At sentencing, St. Clair's counsel objected to the career-offender guideline on the ground that St. Clair's burglary convictions were part of one continuing course of criminal conduct and should therefore count as only one conviction. He also argued that St. Clair should be held accountable for a lesser quantity of methamphetamine, and that he should not be held accountable for the "Ice" enhancement.[1] The Government requested that the court address the career-offender objection first, noting that if the court decided that St. Clair was a career offender, the remaining objections would not affect the guideline range. The court agreed, and decided that the career-offender guideline applied. St. Clair then repeated his remaining objections, but the court overruled them without further discussion. Based on the career-offender guideline, the court sentenced St. Clair to 360 months of imprisonment and five years of supervised release.[2]

On direct appeal, St. Clair argued that because his burglary convictions were not crimes of violence, he should not have been sentenced under the

---

[1] Methamphetamine in its purer form, classified as "Ice," carries a higher base offense level per quantity under the Guidelines. *See* U.S.S.G. § 2D1.1 (2013).

[2] St. Clair's sentence was later reduced to 327 months pursuant to Amendment 782 to the Guidelines, which retroactively lowered the base offense levels for certain drug crimes in § 2D1.1(c) by two levels. *See* U.S. SENTENCING GUIDELINES MANUAL, Supp. to Appendix C, Amendment 782, at 64–74 (Nov. 1, 2014).

career-offender guideline. A panel of this court agreed, explaining that, according to *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008), St. Clair's burglary convictions were not violent felonies. *United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015). Because of this, the panel determined that the district court had erred by sentencing St. Clair as a career offender. *Id.* But the panel also concluded that St. Clair had failed to demonstrate the error affected his substantial rights because his sentence fell within both the incorrect and correct Amended Guidelines ranges. *Id.* at 195.

St. Clair then filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting that his trial counsel was ineffective for failing to object to the two burglaries being classified as crimes of violence. The district court denied this motion, and St. Clair timely appealed. This court issued a COA to determine whether St. Clair's counsel was ineffective for failing to object at sentencing to the burglaries being considered crimes of violence.

To establish ineffective assistance of counsel, a defendant must show (1) counsel performed deficiently, and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the record is insufficiently developed to determine whether St. Clair was prejudiced, the Government urges that the best course of action would be to reverse and remand to the district court for further factual development.[3] We agree. The record indicates that both St. Clair and the Government were prepared to offer evidence regarding the quantity and type of drugs at issue. But the district court never heard this evidence because once it applied the career-offender guideline, it summarily overruled the remainder of St. Clair's

---

[3] The Government filed an unopposed motion to remand to the district court for an evidentiary hearing.

objections. Thus, in this case, "the better approach is to have the district court conduct an evidentiary hearing" on St. Clair's properly preserved sentencing objections. *See United States v. Herrera*, 412 F.3d 577, 582 (5th Cir. 2005) (remanding to the district court for a hearing in the absence of sufficient evidence in the record to confirm or dispel an ineffective assistance of counsel claim).

Accordingly, we VACATE the district court's order denying relief, and REMAND for an evidentiary hearing on St. Clair's remaining sentencing objections.