# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-60638

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2025

Lyle W. Cayce
Clerk

JOSE ERNESTO ROMERO-LOZANO,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A206 423 380

---

ORDER:

Jose Ernesto Romero-Lozano was removed from the United States in 2014 and illegally reentered eight years later. On May 20, 2022, the Department of Homeland Security reinstated his prior removal order. In February 2023, an Immigration Judge placed him in "withholding-only" proceedings. After a hearing, the IJ denied his application for withholding of removal on January 15, 2024. Romero-Lozano appealed to the Board of Immigration Appeals, which affirmed the IJ on November 27, 2023.

On December 18, 2023—within 30 days of the BIA's decision— Romero-Lozano petitioned this court for review. Before briefing concluded, the parties jointly moved to remand the case so the BIA could reconsider

certain findings and testimony. We granted the motion, remanded the case, and issued the mandate on May 3, 2024. The matter remains pending before the BIA.

Romero-Lozano now moves to recall the mandate, reinstate his petition, and hold it in abeyance until the BIA completes its remand proceedings. He argues that this relief is warranted because of an intervening Supreme Court decision: *Riley v. Bondi*, 145 S.Ct. 2190 (2025). But Romero-Lozano's case does not present the "extraordinary circumstances" required for such an extraordinary remedy.[1]

*Riley* addressed the statutory timing rules in 8 U.S.C. § 1252(b)(1), which requires that a petition for judicial review of "an order of removal" be filed "not later than 30 days after the date of the final order of removal." The question in *Riley* was whether a BIA decision in a withholding-only proceeding qualifies as a "final order of removal" that triggers the 30-day clock.[2] The Court said no: " [A] BIA order in a withholding-only proceeding is not a 'final order of removal,' and therefore the 30-day filing deadline cannot be satisfied by filing a petition for review within 30 days of the BIA's withholding-only order."[3]

Romero-Lozano's case falls squarely within *Riley*. Like the *Riley* petitioner, he never sought review of DHS's order reinstating his removal.[4] Instead, he petitioned from the BIA's withholding-only order—within 30 days of that order, but more than a year after DHS reinstated his removal. Under our then-governing precedent, his petition was timely.[5] Under *Riley*,

---

[1] *United States v. Emeary*, 773 F.3d 619, 621 (5th Cir. 2014).
[2] *Riley v. Bondi*, 145 S.Ct. 2190, 2195 (2025).
[3] *Id.*
[4] *Id.* at 2205 (Thomas, J., concurring).
[5] *See Argueta-Hernandez v. Garland*, 87 F.4th 698, 705 (5th Cir. 2023) ("reinstatement orders are deemed 'final' under § 1252(b)(1) only upon completion of reasonable-fear and withholding-of-removal proceedings" (cleaned up)).

it is not—and *Riley* will control if and when he petitions again after the BIA rules on remand.

Romero-Lozano is incorrect, however, that *Riley* warrants recalling the mandate and reinstating his prior petition. We have not decided whether *Riley* applies retroactively to cases that were timely when filed but would now be untimely under *Riley*. That weighty question is better left to a merits panel, not to a motion to reinstate.

And reinstatement would not cure the problem. Under *Riley*, Romero-Lozano's initial petition was untimely from the start; putting it back on our docket would not make it timely now. That he moved for reinstatement within 30 days of *Riley* does not change the fact that his petition was not filed within 30 days of DHS's reinstatement order on May 20, 2022.

Still, Romero-Lozano is not without potential recourse. If the BIA grants relief on remand, judicial review will be unnecessary. If not, he may file a new petition for review when the BIA issues its decision. Because *Riley* held that the 30-day deadline is not jurisdictional,[6] a future panel could decide whether *Riley* bars that petition—and the Government could waive the timeliness issue.[7]

Recalling the mandate is an extraordinary measure, and it is not warranted here. The issues Romero-Lozano raises about *Riley* can be addressed by a new merits panel in a new petition—if and when that time comes.

---

[6] *Riley*, 145 S.Ct. at 2195.

[7] *See, e.g.*, *Castejon-Paz v. Bondi*, No. 22-6024, 2025 WL 1872335, at *2 (2d Cir. July 8, 2025) (denying motion to dismiss an untimely petition under *Riley* because the Government waived the 30-day deadline); *Valdez v. Bondi*, No. 23-2010, 2025 WL 2028069, at *3 n.3 (4th Cir. July 21, 2025) (post-*Riley*, declining to address timeliness where the Government did not raise the issue).

IT IS ORDERED that Petitioner's opposed motion to reopen the case is DENIED.

DON R. WILLETT
*United States Circuit Judge*